[Civ. No. 32202.   Second Dist., Div. Four.   Feb. 5, 1968.]

CHARLES LeROY RICHARDS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; IRENE A. ALTMAN et al., Real Parties in Interest.

Gardner & McNally, Robert L. Gardner and Stephen B. McNally for Petitioners.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, and William L. Zessar, Deputy Attorney General, for Real Parties in Interest.

McCOY, J., pro tem.*—Following an accident, Irene Altman filed an action against Charles and Ann Richards for damages allegedly caused by the negligence of defendants in the operation of an automobile. The defendants in the action,

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

who are the petitioners here, seek a writ of mandate requiring the respondent court to vacate an order quashing a subpoena commanding a Dr. Thomas Clancy to appear for his deposition and to produce certain records. We deny the writ.

The facts are admitted. Sometime after the accident plaintiff made a claim to the State Department of Employment for disability insurance benefits under the Unemployment Insurance Code. The department referred plaintiff to Dr. Clancy for an examination and a report of his findings. (Unemp. Ins. Code, § 2627, subd. (c).) When this reference was made, Dr. Clancy had an agreement to ''conduct confidential medical examinations for the Department of Employment of claimants for disability insurance benefits . . . for the purpose of determining whether said claimants are physically able to perform the duties of [their] regular and customary occupation.'' Dr. Clancy made a report to the department and kept a copy for his files.

In March 1967 plaintiff signed a document addressed to Dr. Clancy authorizing defendants' attorney to inspect and copy the records pertaining to his examination of the plaintiff relative to the accident. Shortly thereafter defendants obtained a subpoena requiring Dr. Clancy to appear for his deposition and to produce those records, including all ''medical reports'' of the examination. The department moved to quash the subpoena on the ground ''that the records subpoenaed are confidential and privileged under the provisions of the Unemployment Insurance Code.'' The respondent court granted the motion. Defendants contend that in doing so the court abused its discretion.

The question here is whether the records called for by the subpoena and the information contained therein are absolutely or conditionally privileged within the meaning of section 1040 of the Evidence Code. Subdivision (b) of that section reads: '' (b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and: (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the

information be disclosed in the proceeding. . . ." The Comment of the Assembly Committee on the Judiciary with reference to this section reads in part: "Under existing law, official information is protected either by subdivision 5 of the Code of Civil Procedure Section 1881 (which, like Section 1040, prohibits disclosure when the interest of the public would suffer thereby) or by specific statutes such as the provisions of the Revenue and Taxation Code prohibiting the disclosure of information reported in tax returns. See, e. g., Rev. & Tax. Code §§ 19281-19289. Section 1881 is superseded by the Evidence Code, but the specific statutes protecting official information remain in effect. Evidence Code § 1040 (b) (1)."[1]

The department contends that it has the right to prevent Dr. Clancy from disclosing his records and the information contained therein because such disclosure is forbidden by sections 2111 and 2714 of the Unemployment Insurance Code. Section 2111 reads: "Except as otherwise provided in Section 1094 information obtained in the course of administration of this division is confidential and shall not be published or open to public inspection in any manner. Any director, deputy director, member of the Appeals Board, member of State Advisory Council or employee of the department who violates this section is guilty of a misdemeanor." So far as relevant here section 2714 provides that "All medical records of the department . . . shall be confidential and shall not be published or be open to public inspection in any manner revealing the identity of the claimant, or the nature or cause of his disability. Such records are not admissible in evidence in any action or special proceeding other that one arising under this division. . . ."

We limit our holding to the precise case presented by the petition. It is a misnomer to say that the requested disclosure is with the "consent" of the plaintiff. Plaintiff's purported "consent" here is simply a recognition of the legal fact that, as between herself and the personal injury defendant, she could be compelled to waive any privileges which restrict a

---

[1]When disclosure is not forbidden by statute, ". . . official information is subject to a conditional privilege: The judge must determine in each instance the consequences to the public of disclosure and the consequences to the litigant of nondisclosure and then decide which outweighs the other. He should, of course, be aware that the public has an interest in seeing that justice is done in the particular cause as well as an interest in the secrecy of the information." (Comment of Assembly Committee on the Judiciary.)

full investigation of her present claim. The privilege with which we are involved is that asserted by the Department of Employment, a public agency. (Cf. *Markwell* v. *Sykes,* 173 Cal.App.2d 642 [343 P.2d 769].)

Where, as in the instant case, the disclosure is, in fact, sought by and for the benefit of the personal injury defendant, the public agency has a real interest in nondisclosure. The agency wants its applicant to give the doctor a full, complete and honest report; that report and examination should not be impeded by the applicant's fear that something she says there may be used against her in some later lawsuit. In such a case, whether a statute prohibits disclosure is a matter of interpretation of that statute *as applied to the case in which disclosure is sought.*[2]

Fairly interpreted, sections 2111 and 2714 of the Unemployment Insurance Code manifest a clear legislative intent to preserve the confidentiality of the information submitted to the department and to its examiner pertaining to the nature and cause of the claimant's disability. Insofar as the doctor's records[3] are sought to be used as a means of invading that confidentiality, the records are also privileged. Our interpretation of sections 2111 and 2714 is not in conflict with the interpretation of the comparable provisions of sections 1094 and 2111 of the same code[4] in *Crest Catering Co.* v. *Superior Court,* 62 Cal.2d 274, 277 [42 Cal.Rptr. 110, 398 P.2d 150]. That case was decided before the enactment of section 1040, subdivision (b) (1), of the Evidence Code and the privilege was there claimed by the party who had furnished the information to the department and not by the department. As we have pointed out above, the privilege involved here is that of the department and not of the informant. In the case at bench, it is the department which claims the privilege and

---

[2]We do not have before us the question of construing that section as applied to a case where the personal injury plaintiff seeks disclosure for her own benefit (as, for example, to rebut a charge of recent fabrication or recent exaggeration).

[3]We need not determine here whether, in contexts not involving privilege, the records are those of the doctor or of the department.

[4]"With exceptions not here relevant, section 1094 of the Unemployment Insurance Code provides that the information delivered to the Department of Employment by an employing unit 'shall be for the exclusive use and information of the director . . . and shall not be open to the public, nor admissible in evidence in any action or special proceeding. . . .' Section 2111 provides that the information 'is confidential and shall not be published or open to public inspection in any manner . . .' and declares that any employee of the department who violates this section is guilty of a misdemeanor." (*Crest Catering Co.* v. *Superior Court,* 62 Cal.2d 274, 276-277 [42 Cal.Rptr. 110, 398 P.2d 150].)

that privilege is now made absolute by the provisions of the Evidence Code.

Petitioners' argument that statutes such as sections 2111 and 2714 are for the benefit of the reporting party (or the claimant) and should be strictly construed because of their restrictive nature (*Gallagher* v. *Boller*, 231 Cal.App.2d 482 [41 Cal.Rptr. 880]), is not relevant here in view of the unambiguous language of section 1040, subdivision (b) (1), of the Evidence Code. On the record before us there is no room for the exercise of the trial court's discretion under section 1040, subdivision (b) (2) of that code. None of the other authorities cited by petitioners are applicable to the case before us.

The alternative writ is discharged and the petition for a peremptory writ of mandate is denied.

Files, P. J., and Kingsley, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied March 28, 1968.