[Civ. No. 15780. Third Dist. July 21, 1976.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Petitioner, v.
THE SUPERIOR COURT OF YUBA COUNTY, Respondent;
SANDRA CLARK, Real Party in Interest.

**COUNSEL**

Harry S. Fenton, Robert F. Carlson, Richard A. Wehe, and Gail D. Ohanesian for Petitioner.

No appearance for Respondent.

S. Derek Spencer, Charles O. Morgan, Jr., and Dennis B. Fry for Real Party in Interest.

**OPINION**

**EVANS, J.**—The State of California ("State") seeks a writ of prohibition to restrain the Yuba County Superior Court from proceeding with a wrongful death action. The State contends that the court order granting discovery was in excess of jurisdiction or an abuse of discretion, on the

following bases: (1) the real party in interest (Clark) failed to comply with discovery procedures prescribed in Code of Civil Procedure section 2031; (2) hearing on the motion for discovery five days prior to the scheduled trial was foreclosed by the terms of a pretrial order; and (3) the order required production of privileged documents.

In 1973, Sandra Clark filed an action for the wrongful death of her husband, naming the State as defendant. The liability of the State was asserted to arise from the negligent design, construction, and maintenance of the road upon which decedent was traveling at the time of the accident (Gov. Code, §§ 835, 815.6).[1]

A pretrial conference order was filed directing, among other things, that discovery and law and motion were to close 30 days prior to trial. Twelve days prior to trial, Clark filed a motion requesting an order directing the State to produce "All and any accident reports concerning, or at or near the section of Woodruff Lane and/or State Route 20 described in the Complaint herein, be they California Highway Patrol reports, or any other reports, in the possession of the same defendants" for inspection and copying. An order shortening time for hearing was granted, and the matter was heard five days prior to trial. The court granted the motion and vacated the trial date. This petition followed.

The petition, properly considered, may be treated as one for a writ of mandate seeking an order directing that the respondent court vacate its discovery order. ▪ Mandate may issue despite the form of the petition or its prayer for prohibition. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 183-184, pp. 3942-3943.)

---

[1]Government Code section 835 provides: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

Government Code section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

I

Prior to the hearing on the discovery motion, Clark failed to pursue the formal request procedures outlined in Code of Civil Procedure section 2031[2] for production of documents. Section 2031, as amended in 1974, established a procedure for securing records and documents for examination and copying without first securing a court order.[3]

Prior to the 1974 amendment, section 2031 permitted a trial court to order production of documents for examination and copying.[4] It did not prescribe any other procedure.

Petitioner's first contention may be summarized as an argument that section 2031 must be construed as dictating a mandatory procedure to be followed by litigants seeking production of documentary materials before they may have access to the courts for assistance. The language of section 2031 does not precisely assist us in our resolution of that problem.

In construing the statute as amended, we must attempt to ascertain the intent of the Legislature or purpose of the statute in order to carry out the legislative objective. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Cooper* v. *Swoap* (1974) 11 Cal.3d 856, 861-870 [115 Cal.Rptr. 1, 524 P.2d 97].) The

---

[2] All references to code sections, unless otherwise noted, are to the Code of Civil Procedure.

[3] The portion of section 2031 pertinent to this decision is: "§ 2031. [Production of documents and other things for inspection, etc.]

"(a) Any party may serve on any other party a request (1) to produce and permit the inspection and copying or photographing, by or on behalf of the party making the request, of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which are relevant to the subject matter of the action, or are reasonably calculated to discover admissible evidence relating to any matters within the scope of the examination permitted by subdivision (b) of Section 2016 of this code and which are in the possession, custody, or control of the party upon whom the request is served; . . ."

[4] The pertinent portion of section 2031 prior to the 1974 amendment provides: "§ 2031. [Production of documents and other things for inspection, etc.]

"(a) Upon motion of any party showing good cause therefor, and upon at least 10 days' notice to all other parties, and subject to the provisions of subdivision (b) of Section 2019 of this code, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which are relevant to the subject matter of the action, or are reasonably calculated to discover admissible evidence relating to any matters within the scope of the examination permitted by subdivision (b) of Section 2016 of this code and which are in his possession, custody, or control; . . ."

fundamental and basic purpose of the California Discovery Act is to expedite the trial of civil matters by allowing litigants an adequate means of discovery during the period of trial preparation. To accomplish this purpose the Legislature enacted an entire act providing for various discovery procedures, and in order to interpret any one section it is necessary to consider the entirety of the discovery provisions; only in this manner may we ascertain the general legislative intent. (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 371 [15 Cal.Rptr. 90, 364 P.2d 266].)

■ It has been clearly established that the discovery enactments were generally intended "(1) to give greater assistance to the parties in ascertaining the truth and in checking and preventing perjury; (2) to provide an effective means of detecting and exposing false, fraudulent and sham claims and defenses; (3) to make available, in a simple, convenient and inexpensive way, facts which otherwise could not be proved except with great difficulty; (4) to educate the parties in advance of trial as to the real value of their claims and defenses, thereby encouraging settlements; (5) to expedite litigation; (6) to safeguard against surprise; (7) to prevent delay; (8) to simplify and narrow the issues; and, (9) to expedite and facilitate both preparation and trial." (*Id.,* at p. 376.)

■ Trial courts have wide discretion in discovery matters, and in reviewing a trial court's discovery order, the rule of liberal construction must be applied. We should not, however, use the trial court's discretion argument to defeat the liberal policies of the statute. (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 171 [84 Cal.Rptr. 718, 465 P.2d 854]; *In re Bongfeldt* (1971) 22 Cal.App.3d 465, 475 [99 Cal.Rptr. 428]; *Sullivan* v. *Superior Court* (1972) 29 Cal.App.3d 64, 71 [105 Cal.Rptr. 241].)

Decisional law in California, particularly the cases dealing with discovery, clearly indicate a legislative concern with the effective and expeditious use of judicial time. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 124, p. 2949; *Booth* v. *Bond* (1942) 56 Cal.App.2d 153 [132 P.2d 520]; *Silver* v. *Shemanski* (1949) 89 Cal.App.2d 520 [201 P.2d 418]; *Greyhound Corp.* v. *Superior Court, supra; West Pico Furniture Co.* v. *Superior Court* (1961) 56 Cal.2d 407 [15 Cal.Rptr. 119, 364 P.2d 295].)

The court in *West Pico* stated, " 'One of the prime purposes of the Discovery Act is to expedite the trial of the action. This purpose will be

defeated if appellate courts entertain petitions for prerogative writs by which a review of the orders of trial courts in discovery proceedings are sought and which do not clearly demonstrate an abuse of discretion by the trial court where discovery is denied, or a violation of privilege or of the provisions of section 19 of article I of the Constitution of this state where discovery is granted. This court will hereafter refuse to entertain petitions for prerogative writs in discovery matters which do not allege facts which would entitle the petitioner to the relief sought under the principles we have set forth.' " (*Id.,* at p. 415.)

■ It appears obvious that the amendment to section 2031 was designed to free the trial court from the unreasonable burden of hearing on motion every case in which production of documentary material is sought. The section circumscribes a written procedure to be undertaken by the party prior to resort to the court's process. The party to whom the discovery request is made is afforded 20 days within which to respond. Upon the expiration of that period without compliance with the request, the applicant may have recourse to the court for review of the refusal.

We agree with the State that the request procedures set forth in section 2031 for production of documentary material must be followed before access may be had to the court's process. Here, however, the trial was scheduled for September 17, 1975. On September 5, real party in interest obtained an order shortening time and filed her motion for order requiring production of certain documents. On September 12, the trial court also considered argument on a motion for a continuance, granted the motion, and vacated the trial date. At that moment, the time exigency facing Clark had been alleviated. The court then improperly granted the discovery motion. The formal request procedure outlined in section 2031 is a mandatory prerequisite to seeking a court order for production of documents. The proper order would have denied the request for discovery and directed Clark to pursue the remedies provided by section 2031.

## II

■ Petitioner's final contention that the order granting the requested discovery is overly broad, encompassing privileged materials, is well taken.

At the conclusion of the hearing on the discovery motion, the court made the following order: "[T]hat said motion be granted, and that the

trial, heretofore set for September 17, 1975 be dropped from the calendar, to be reset upon the filing of the ruling of the Motion for Summary Judgment now under submission.

"Motion for Inspection of Documents . . . be granted as prayed.

"Pre-Trial Conference, heretofore set for this day, . . . ordered dropped from the calendar, to be reset . . . ."

The motion sought "All and any accident reports concerning, or at or near the section of Woodruff Lane and/or State Route 20 described in the Complaint herein, be they California Highway Patrol reports, or any other reports, in the possession of the same defendants."

Drivers of motor vehicles involved in any accident resulting in injury or death are required by statute to make a written report to the California Highway Patrol.[5]

Vehicle Code section 20012 designates the reports to be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol. It provides in pertinent part: "All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, . . ." An exception to the confidentiality is extended to "any person who may have a proper interest therein, including, . . . the driver or drivers involved, or the legal guardian thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty *arising out of the accident,* and any attorney who declares under penalty of perjury that he represents any of the above persons." (Italics added.)

The reports are not permitted "as evidence in any trial, civil or criminal, arising out of an accident . . . ." (Veh. Code, § 20013.) The reports are unequivocally designated as privileged and confidential,

---

[5] Vehicle Code section 20008 in pertinent part provides: "(a) The driver of a vehicle, . . . involved in any accident resulting in injuries to or death of any person shall within 24 hours after the accident make or cause to be made a written report of the accident to the Department of the California Highway Patrol . . . ."

unless a person seeking access to them falls within the narrow statutory exception. (Veh. Code, § 20012, *supra.*)

■ If the privilege is properly claimed, it is made absolute by Evidence Code section 1040, subdivision (b)(1). That section provides: "(b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and: (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state . . . ." (See also *Richards* v. *Superior Court* (1968) 258 Cal.App.2d 635, 638-639 [65 Cal.Rptr. 917]; *Sierra Vista Hospital* v. *Superior Court* (1967) 248 Cal.App.2d 359, 364 [56 Cal.Rptr. 387]; *People* v. *Misner* (1955) 134 Cal.App.2d 377, 381 [285 P.2d 938]; *Carroll* v. *Beavers* (1954) 126 Cal.App.2d 828, 836 [273 P.2d 56]; Assem. Committee comment on Evid. Code, § 1040.) ■ The privilege was properly claimed by the State at the time of hearing the motion.

The discovery order obviously included privileged material; however, Clark argues that she falls within one of the exceptions and is therefore entitled to all of the reports requested. The statutory exemption (Veh. Code, § 20012) is narrowly confined to various persons involved in the accident or "persons who may incur civil liability, . . . arising out of *the accident*, . . ." (Italics added.)

The characteristic common to the exceptions contained in section 20012 is that each excepted person have a need for the reports arising out of involvement in civil or criminal litigation emanating from the reported accident. Here Clark is not seeking a report of the accident in which her husband was involved. She seeks reports of other accidents involving other parties. We must conclude, therefore, that the reports of those accidents ordered disclosed by the order are privileged as to Clark, the real party in interest.

Clark is not, however, precluded from procuring the desired information by other means. Interrogatories directed to petitioner would permit inquiry into other accidents occurring at the situs of her husband's accident, subject only to the usual evidentiary standards applied to the discovery process.

Let a peremptory writ of mandate issue directing the trial court to vacate its discovery order compelling disclosure of the other accident reports.

Regan, Acting P. J., and Paras, J., concurred.

A petition for a rehearing was denied August 9, 1976, and the petition of the real party in interest for a hearing by the Supreme Court was denied September 15, 1976.