[Civ. No. 49339. Second Dist., Div. Two. Jan. 5, 1977.]

LOS ANGELES POLICE DEPARTMENT et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
CHURCH OF SCIENTOLOGY OF CALIFORNIA,
Real Party in Interest.

663

**COUNSEL**

Burt Pines, City Attorney, and Hilary F. Goldstone, Deputy City Attorney, for Petitioners.

No appearance for Respondent.

Mark V. Kaplan for Real Party in Interest.

Fred Okrand, Jill Jakes, Mark D. Rosenbaum and Gary D. Sowards as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**ROTH, P. J.**—Government Code,[1] sections 6250 through 6261, comprise the California Public Records Act (Act). Section 6250 recites in part: " . . . the Legislature, mindful of the right of individuals to privacy, finds and declares that access to *information* concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (Italics added.) Act is a group of integrated sections which generally define public records and the rights of any person to inspect, copy and receive copies of such records. (§§ 6250, 6252, 6253, 6253.5, 6254.7, 6254.8.)

Section 6254, however, lists 14 separate types of records which are by legislative fiat exempt from disclosure. Section 6254, as is relevant here, recites: " . . . nothing in this chapter [Act] shall be construed to require disclosure of records that are: . . .

"(f) Records of complaints to or investigations conducted by, or records of intelligence information or security procedures of, . . . any . . . local police agency, . . ." (referred to herein as Exemption (f)).[2]

Real party in interest, Church of Scientology (Church) instituted this action against petitioner, Los Angeles Police Department (Department) under the authority of Act and seeks to have any records which Department maintains of its activities and the activities of its founder declared to be public records free from any exemption and open for public inspection.

The summary exemption provided for in Exemption (f)[3] in section 6254 is reiterated in section 6255. In addition, however, section 6255 provides for the withholding of any record embraced in Act which is not specifically exempted by section 6254 if public interest in nondisclosure "outweighs" disclosure.

---

[1]All code references herein made are to the Government Code unless otherwise noted.

[2]It is clear from one of the cases strongly relied on by Church, *Black Panther Party* v. *Kehoe*, 42 Cal.App.3d 645 [117 Cal.Rptr. 106], that the Legislature meant to make certain types of records exempt from disclosure. Thus, Justice Friedman says at page 655: "If citizenship in a functioning democracy requires general access to government files, limited but genuine interests also demand restricted areas of *nonaccess.*" (Italics added.)

[3]A helpful explanation of section 6254, subdivision (f) is set out in *Younger* v. *Berkeley City Council* (1975) 45 Cal.App.3d 825, 832 [119 Cal.Rptr. 830]: "Ordinarily all criminal offender record information, including that compiled by the Berkeley Police Depart-

Section 6255 provides: "The agency *shall justify withholding* any record by demonstrating that the record in question *is exempt* under express provisions of this chapter *or* that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record." (Italics added.)

The procedure which enables any person to obtain judicial relief from a wrongful denial of access to public records is set out in section 6258: "Any person may institute proceedings for injunctive or declarative relief in any court of competent jurisdiction to enforce his right to inspect or to receive a copy of any public record or class of public records under this chapter. The times for responsive pleadings and for hearings in such proceedings shall be set by the judge of the court with the object of securing a decision as to such matters at the earliest possible time."

Section 6259 provides in pertinent part: "Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why he should not do so. The court shall decide the case after examining the record in camera, if permitted by subdivision (b) of Section 915 of the Evidence Code, papers filed by the parties and such oral argument and additional evidence as the court may allow.

"If the court finds that the public official's decision to refuse disclosure is not justified under the provisions of Section 6254 or 6255, he shall order the public official to make the record public. If the judge

ment, is confidential and not 'public' or subject to disclosure. (Gov. Code, § 6254, subd. (f); *People* v. *Wilkins* (1955) 135 Cal.App.2d 371, 377 [287 P.2d 555].) While the Attorney General conceded in this case that the City of Berkeley could permit whatever access the city council deemed appropriate in the case of arrest records compiled by the Berkeley Police Department, the same does not apply to records compiled by the State Department of Justice, particularly where Penal Code sections 11077 and 11079 contemplate a continuing state interest in those records."

The special nature of records such as the alleged records at bench is further explained in *Younger* in a comment distinguishing *Uribe* v. *Howie* (1971) 19 Cal.App.3d 194 [96 Cal.Rptr. 493], a case relied upon by Church: "*Uribe* dealt with a routine report in a public file. It could gain exemption not because of its content but only when and if it became a part of an investigatory file. Here, by their very content, the criminal records compiled by the State Department of Justice are independently entitled to exemption. (See *Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 654 [117 Cal.Rptr. 106].)"

determines that the public official was justified in refusing to make the record public, he shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure. Any person who fails to obey the order of the court shall be cited to show cause why he is not in contempt of court. . . ."

After Church had filed its action, an application for a temporary injunction requiring disclosure was denied on the ground there was no showing that the records sought were not expressly exempt from disclosure by reason of Exemption (f). Prior to the conclusion of the argument for a temporary injunction and its denial, the following exchange took place between the court and counsel for Church:

"THE COURT: What about this problem: these cases which involved administrative agencies did not deal with situations where you have a police department maintaining, quote, 'intelligence information,' so, of course, the court wasn't dealing with that type of situation. And yet the statute specifically recognizes that there can be such a thing as intelligence information.

"MR. IVENER: Yes.

"THE COURT: What must be the statutory intent regarding that?

"MR. IVENER: Well, the statutory intent relating to intelligence files and relating to investigatory files is that they are exempt. . . ."

Church did not appeal the order denying a temporary injunction. Church did, however, initiate the discovery proceedings before us by filing and serving on Department certain interrogatories. Department refused to answer the interrogatories;[4] Church moved for an order requiring responses. The court treated the issue as if it were a conditional privilege under Evidence Code section 1040; deferred ruling on the question of privilege as embraced in section 1040 of the Evidence Code until time of trial and then ordered the cited interrogatories answered and directed discovery to proceed. Petitioner's request for a writ of mandate to set aside that order is before us.

---

[4]These interrogatories are:
"INTERROGATORY #9: Has the Defendant [Department] determined, at any time within the period commencing January 1, 1969 to the present, that the CHURCH OF SCIENTOLOGY OF CALIFORNIA, or any Scientology organization, has engaged, or

 Church's verified complaint to require disclosure and its declarations and documents filed in support of its motion for the temporary injunction, which was denied, clearly establish that the records which it seeks, if they in fact exist as claimed, are the type which are embraced in Exemption (f). The complaint refers repeatedly to *"information,* documents, reports and *records"* (italics added) which are being allegedly maintained by Department and which relate to Church; and, in oral argument upon the motion for preliminary injunction, Church's attorney admitted that "the statutory intent relating to intelligence files and relating to investigatory files is that they are exempt." It is plain that "records of intelligence information" fall within the ambit of Exemption (f). Thus, the soundness of the action itself is drawn into question by the binding allegations of the complaint,[5] as well as by the admission of Church at the proceedings for a temporary injunction excerpted above. We are thus presented with the question, what, if any, discovery should take place, especially when *any* proceeding under the Act is from first to last a form of discovery, i.e., the disclosure of certain records and/or information.

In proceeding under Act, section 6255 provides the public entity which has denied a person the right of inspection two alternative justifications, independent of section 1040 of the Evidence Code although similar

is engaging, in acts disruptive of the public order as that term is defined in the Guidelines of the Public Disorder Intelligence Division of the Los Angeles Police Department.
"INTERROGATORY #10: If the answer to Interrogatory #9 is affirmative, please state the following:
"(a) Is a file presently maintained by the Public Disorder Intelligence Division relating to the determination hereinabove referred in Interrogatory #9?
"(b) The date of the last entry of any such file hereinabove referred in Interrogatory #10(a).
"INTERROGATORY #11: If the answer to Interrogatory #10(a) is affirmative, please state:
"(a) The person(s), if any, and title thereof, who conducted a review of any such file since April 10, 1975.
"(b) The date upon which such review(s) was conducted."

[5]Exemption (f) refers to "investigatory or security files compiled by any [ ] state or local agency for correctional, law enforcement as licensing purposes." The complaint alleges that defendant L.A.P.D. ". . . received, compiled, and otherwise maintained information, documents, reports and records pertaining to the Plaintiff herein" and, at another point, refers to "records of intelligence information or security procedures of, or any such investigatory or security files compiled and/or maintained by Defendant L.A.P.D. for correctional, law enforcement or licensing purposes" as records which are exempt only when "the prospect of future enforcement proceedings is concrete." What these allegations demonstrate is that Church well knows that records embraced in Exemption (f) exist and that, in the very terms of the allegations themselves, they are exempt from disclosure.

thereto, for its decision not to open its files: (1) the information sought may be exempt under one or more of the 14 exemptions listed in section 6254; or (2) disclosure of the information sought, although *not* exempt, would not be in the public interest.

Church argues in support of its position that the records are inappropriately kept and contain inaccurate information and asserts that upon disclosure the records may be corrected. In fact, the interrogatories previously set forth, as well as other interrogatories, posed by Church are intended to discover whether Department has complied with internal administrative criteria on intelligence files.

■ In this connection, it should be noted that if the record is a public record *all* persons have access thereto as permitted by Act and *a* person who may be the subject of the particular record sought does not, because he is personally affected, have any greater right than *any* person to examine the record. Conversely, a subject person has no right under Act to prevent disclosure of the record to any other person. (*Black Panther Party* v. *Kehoe,* 42 Cal.App.3d 645 [117 Cal.Rptr. 106].)

Act was enacted with the objective of increasing freedom of information. It is designed to give the public access to information in possession of public agencies. ■ Act itself does not undertake to prescribe what type of information a public agency may gather, nor to designate the type of records such an agency may keep, nor to provide a method of correcting such records. Its sole function is to provide for disclosure.

■ Common sense dictates that when the principal action itself seeks records which are in all likelihood not "discoverable" under Act because of Exemption (f) or the public interest, interrogatories which seek information about these records should not be permitted. To allow the ancillary discovery process of written interrogatories to proceed would enable Church to accomplish indirectly the objective of its discovery action without any showing that Exemption (f) does not apply or, if it is not embraced in Exemption (f), that public interest requires disclosure. When viewed in the context of the action at bench, neither *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107 [130 Cal.Rptr. 157, 550 P.2d 161] nor *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], relied upon by Church and the trial court are applicable. Neither *Shepherd* nor *Pitchess* were actions brought under Act which, as

noted, is a special proceeding the sole object of which is the discovery and production of records.

The exemption for the records of law enforcement agencies as contained in the quoted language of section 6254, subdivision (f) "Records of complaints to our investigations conducted by or records of intelligence information . . ." is broad and all-encompassing. It does not further describe the type of complaints or investigations or the nature of intelligence information that is exempt. (See *Uribe* v. *Howie,* 19 Cal.App.3d 194 [96 Cal.Rptr. 493].)

We conclude that the order of respondent court is erroneous and the court is therefore directed to vacate its order. Accordingly, we grant the petition and issue the peremptory writ of mandate requiring the court to vacate its order requiring defendants to answer interrogatories 9, 10 and 11 and to enter a new and different order sustaining defendant's objections thereto.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied February 2, 1977, and the opinion was modified to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied April 26, 1977. Bird, C. J., did not participate therein.