[Civ. No. 17773. Third Dist. Aug. 30, 1978.]

DONALD EUGENE EDGAR, JR., et al., Petitioners, v.
THE SUPERIOR COURT OF CALAVARAS COUNTY,
Respondent;
THE STATE OF CALIFORNIA ex rel. DEPARTMENT OF
TRANSPORTATION, Real Party in Interest.

## COUNSEL

Van Dyke, Shaw & Schuckman and William A. Schuckman for Petitioners.

No appearance for Respondent.

Harry S. Fenton, Robert F. Carlson, George L. Cory and Richard A. Wehe for Real Party in Interest.

## OPINION

**EVANS, J.**—Donald Eugene Edgar, Jr., and his minor children seek a writ of mandate to compel the Calaveras County Superior Court to

require the State of California, Department of Transportation (State), to answer interrogatories.

The sole issue presented is the scope of the privilege of confidentiality granted by Vehicle Code section 20012.[1]

In 1976, Donald Edgar and his children filed an action seeking damages for the wrongful death of Leslie, his wife and mother of the children. Liability of the State was asserted on the basis of negligence in the design, construction, and maintenance of a turn-out lane on Highway 49 in Calaveras County, at the site of the accident. (Gov. Code, §§ 835, 815.6.)[2]

As part of pretrial discovery, petitioners served interrogatories on the State seeking information about prior accidents occurring at the site of the Edgar fatality. Essentially the interrogatories sought all the information contained in the filed reports of prior accidents. The specific information sought included the dates and times of each prior accident; the number of persons involved; the number, if any, killed; the exact

---

[1]Vehicle Code section 20012 provides: "All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, except that the Department of the California Highway Patrol or the law enforcement agency to whom the accident was reported shall disclose the entire contents of the reports, . . . to any person who may have a proper interest therein, including, but not limited to, the driver or drivers involved, or the legal guardian thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty arising out of the accident, and any attorney who declares under penalty of perjury that he represents any of the above persons."

[2]Government Code section 835 provides:

"Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

Government Code section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

location of the accidents, the names and addresses of all witnesses; the lanes of travel of each vehicle involved; the identity of the investigating officers; the cause of the accidents given by the officer; the weather conditions at the time, and whether or not it was considered a causative factor; the light conditions; whether the facts of the accidents were similar to those in which Leslie Edgar was killed; and whether the accidents were caused by a violation of statute, and if so, the statute involved and the name of the person cited.

The State refused to answer the interrogatories stating, "The only information this defendant has in its possession has been gained through confidential traffic accident reports. As such, this defendant objects to this interrogatory on the ground that the information sought is privileged pursuant to Vehicle Code section 20014." Petitioners' subsequent motion to compel answers was denied.

In a prior opinion, this court held that reports of accidents required by Vehicle Code section 20008 are privileged, confidential, and not discoverable except by those authorized access to them by Vehicle Code section 20012. (*People* ex rel. *Dept. of Transportation* v. *Superior Court* (1976) 60 Cal.App.3d 352 [131 Cal.Rptr. 476].) There we vacated an order directing production of accident reports for examination by a noninvolved party. In doing so we stated:

"The motion sought 'All and any accident reports concerning, or at or near the section of Woodruff Lane and/or State Route 20 described in the Complaint herein, be they California Highway Patrol reports, or any other reports, in the possession of the same defendants.'

"Drivers of motor vehicles involved in any accident resulting in injury or death are required by statute to make a written report to the California Highway Patrol. [Fn. omitted.] [Veh. Code, § 20008.]

"Vehicle Code section 20012 designates the reports to be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol. It provides in pertinent part: 'All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, . . .' An exception to the confidentiality is extended to 'any person who may have a proper interest therein,

including, . . . the driver or drivers involved, or the legal guardian thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty *arising out of the accident,* and any attorney who declares under penalty of perjury that he represents any of the above persons.' [Italics in original.]

"The reports are not permitted 'as evidence in any trial, civil or criminal, arising out of an accident . . . .' (Veh. Code, § 20013.) The reports are unequivocally designated as privileged and confidential,' unless a person seeking access to them falls within the narrow statutory exception. (Veh. Code, § 20012, *supra.*)

"If the privilege is properly claimed, it is made absolute by Evidence Code section 1040, subdivision (b)(1). That section provides: '(b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and: (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state . . . .' (See also *Richards* v. *Superior Court* (1968) 258 Cal.App.2d 635, 638-639 [65 Cal.Rptr. 917]; *Sierra Vista Hospital* v. *Superior Court* (1967) 248 Cal.App.2d 359, 364 [56 Cal.Rptr. 387]; *People* v. *Misner* (1955) 134 Cal.App.2d 377, 381 [285 P.2d 938]; *Carroll* v. *Beavers* (1954) 126 Cal.App.2d 828, 836 [273 P.2d 56]; Assem. Committee comment on Evid. Code, § 1040.) The privilege was properly claimed by the State at the time of hearing the motion.

"The discovery order obviously included privileged material; however, Clark argues that she falls within one of the exceptions and is therefore entitled to all of the reports requested. The statutory exemption (Veh. Code, § 20012) is narrowly confined to various persons involved in the accident or 'persons who may incur civil liability, . . . arising out of *the accident, . . .*' [Italics in original.]

"The characteristic common to the exceptions contained in section 20012 is that each excepted person have a need for the reports arising out of involvement in civil or criminal litigation emanating from the reported accident. Here Clark is not seeking a report of the accident in which her husband was involved. She seeks reports of other accidents involving other parties. We must conclude, therefore, that the reports of those

accidents ordered disclosed by the order are privileged as to Clark, the real party in interest." (Pp. 359-360.)

In obiter dictum, we also indicated that "inquiry into other accidents occurring at the situs of [the] accident, subject . . . to the usual evidentiary standards" would be permitted during discovery. (*Id.,* at p. 360.) That statement is correct, but of necessity limited. ■ The existence of other accidents is not privileged information within the confidential restriction previously noted. The privilege against disclosure of the reported details supplied by the parties does not extend to the fact of an accident. However, the discoverable material is limited solely to the fact of any prior accidents and to their number. Petitioners may not have access indirectly to that which is not available directly. (*People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 60 Cal.App.3d 352; *Webb* v. *Standard Oil Co.* (1957) 49 Cal.2d 509, 513-514 [319 P.2d 621]; *Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 7 [123 Cal.Rptr. 283, 538 P.2d 739].)

The fact that the State's knowledge that prior accidents have occurred is gleaned from reports that are declared by statute (§ 20012) to be confidential and privileged does not create any right or privilege on the part of the State to conceal such knowledge. (Cf. *Baldwin* v. *State of California* (1972) 6 Cal.3d 424 [99 Cal.Rptr. 145, 491 P.2d 1121].) The confidential privilege provided is not intended to protect the State from its responsibilities, including its duty to acknowledge the fact of prior occurrences, but is to protect and keep inviolate the identity of the persons involved in the accident, the witnesses and investigating officers, as well as the details contained in the report.

Moreover, by requiring the State to reveal the existence or absence of reported accidents, we facilitate judicial economy; if the answer is negative, petitioners may discontinue further discovery; on the other hand, if the answer is affirmative, the petitioners may then pursue discovery from other sources than the privileged reports.

The cases, *Los Angeles Police Dept.* v. *Superior Court* (1977) 65 Cal.App.3d 661 [135 Cal.Rptr. 575], and *Sav-On Drugs, Inc.* v. *Superior Court, supra,* 15 Cal.3d 1, are factually inapposite to the circumstances of this proceeding and do not support the position asserted by the State that it need not disclose any information gleaned from the confidential accident report.

Let a peremptory writ of mandate issue directing the trial court to vacate its order denying the motion to compel in the light of the opinions here expressed.

Paras, Acting P. J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied October 25, 1978.