102 Cal.App.3d 25 (1980)
162 Cal. Rptr. 78
THE STATE OF CALIFORNIA ex rel. DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent. THOMAS F. THOMSEN et al., Real Parties in Interest.
Docket No. 47840.
Court of Appeals of California, First District, Division Four.
January 22, 1980.
*27 COUNSEL
Richard G. Rypinski, Robert J. DeFea, Robert E. Brown, Thomas J. Brandi, David W. Robison, Lee Tyler and John J. Murphy for Petitioner.
No appearance for Respondent.
C. Afton Moore III, Judy R. Campos, James S. Crawford, Dahl, Hefner, Stark & Marois and Hefner, Stark & Marois for Real Parties in Interest.
OPINION
CALDECOTT, P.J.
Petitioner, the State of California, seeks a writ of mandate, writ of prohibition or "other appropriate remedy" directing respondent superior court to vacate its discovery order of August 29, 1979, compelling production of traffic accident reports and data which petitioner claims are privileged. This court issued an order to show cause and ordered a stay of the discovery order.
On January 24, 1977, plaintiffs (real parties in interest) filed a complaint for personal injuries and damages arising from an automobile accident on State Route 17 in Hayward, California, in which a 1974 Volkswagen van, driven by plaintiff Thomas F. Thomsen, rear ended a 1974 Chevrolet van stalled in a lane of the highway. Named as defendants were the driver of the Chevrolet van, companies charged with maintenance of the Chevrolet, the manufacturer of the Volkswagen and the State of California. Liability of petitioner was predicated on allegations that State Route 17 was in a dangerous condition in that there was "an insufficient emergency lane adjacent to the center roadway driver-barrier, immediately west of the northbound No. 1 lane." Petitioner answered the complaint on July 29, 1977.
The request for discovery was made on August 31, 1978, and resulted in the order at issue here. Ordered produced were the following:
1. TASAS accident retrieval computer printouts reflecting traffic or motor vehicle accident data on State Route 17 in the area beginning from five miles north to five miles south of the location of the accident for the past five years.
*28 2. Documents of prior accidents prepared by the California Highway Patrol for a period of five years in the above location.
3. Any other documents or writings in petitioner's control relating to the same location and time period as the reports above.
Real parties in interest contend that paragraph "3" of the order specifically includes the accident reports themselves. The order further provided that petitioner could delete or obliterate from the reports the names of the individuals involved.

I
(1a) Petitioner contends that the documents and the information therein are privileged under the Vehicle Code. Section 20008 of that code provides in part that "[t]he driver of a vehicle ... involved in any accident resulting in injuries to or death of any person shall within 24 hours after the accident make or cause to be made a written report of the accident to the Department of the California Highway Patrol or ... the police department of the city in which the accident occurred." Section 20009 provides that supplemental reports may be required of the driver or of witnesses to the accident. Section 20010 provides for reports by an occupant of the vehicle if the driver is physically incapable and section 20011 provides for a coroner's report. The confidentiality of these reports is provided for in section 20012 which reads: "All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, except that the Department of the California Highway Patrol or the law enforcement agency to whom the accident was reported shall disclose the entire contents of the reports, including, but not limited to, the names and addresses of persons involved in, or witnesses to, an accident, the registration numbers and descriptions of vehicles involved, the date, time and location of an accident, all diagrams, statements of the drivers involved in the accident and the statements of all witnesses, to any person who may have a proper interest therein, including, but not limited to, the driver or drivers involved, or the legal guardian thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty arising *29 out of the accident, and any attorney who declares under penalty of perjury that he represents any of the above persons."
The reports, even though their contents may be discoverable "to any person who may have a proper interest therein," (§ 20012) may not themselves be used as evidence in any trial (§ 20013; Box v. California Date Growers Assn. (1976) 57 Cal. App.3d 266, 270-271 [129 Cal. Rptr. 146]; Robinson v. Cable (1961) 55 Cal.2d 425, 429 [11 Cal. Rptr. 377, 359 P.2d 929]; Fernandez v. Di Salvo Appliance Co. (1960) 179 Cal. App.2d 240, 245 [3 Cal. Rptr. 609]).
It has been stated that the obvious purpose of section 20012 is "to encourage parties and witnesses to report accidents completely and truthfully." (Fernandez v. Di Salvo Appliance Co., supra, 179 Cal. App.2d 240 at p. 245.) Although, as plaintiffs point out, the incentive of confidentiality may have been in large part dissipated by allowing discovery of the reports to persons involved in the accident as was done by the Legislature in 1965, the purpose is still furthered by not allowing the reports to be used in evidence. A further purpose of the statute may well be one of protecting the privacy of persons involved, not merely as an aid to obtaining reports, but also as an end in itself. At least, the section achieves an element of privacy which, since the passage of the statutory scheme, has been recognized in California as a constitutional right (Cal. Const., art. I, § 1) and is cognizable in discovery matters. (See Britt v. Superior Court (1978) 20 Cal.3d 844, 852 [143 Cal. Rptr. 695, 574 P.2d 766].) In any event, it is clearly no part of the purpose of the statute to protect the state from its duty to acknowledge the fact of prior accidents. (Edgar v. Superior Court (1978) 84 Cal. App.3d 430, 435 [148 Cal. Rptr. 687].)
Petitioner relies upon two cases, both involving suits against the state based on alleged defects in a road. In People ex rel. Dept. of Transportation v. Superior Court (1976) 60 Cal. App.3d 352 [131 Cal. Rptr. 476], hearing denied, the superior court had ordered the state to produce for inspection and copying all accident reports in its possession and the appellate court issued a writ of mandate directing the trial court to vacate its discovery order. "The discovery order obviously included privileged material...." (Id., at p. 360.) The court, however, pointed out that the plaintiff was not "precluded from procuring the desired information by other means. Interrogatories directed to petitioner would permit inquiry into other accidents occurring at the situs of her husband's *30 accident, subject only to the usual evidentiary standards applied to the discovery process." (Id.)
This case was followed by Edgar v. Superior Court, supra, 84 Cal. App.3d 430, hearing denied, where the plaintiffs' interrogatories "sought all the information contained in the filed reports of prior accidents. The specific information sought included the dates and times of each prior accident; the number of persons involved; the number, if any, killed; the exact location of the accidents, the names and addresses of all witnesses; the lanes of travel of each vehicle involved; the identity of the investigating officers; the cause of the accidents given by the officer; the weather conditions at the time, and whether or not it was considered a causative factor; the light conditions; whether the facts of the accidents were similar to those in which Leslie Edgar was killed; and whether the accidents were caused by a violation of statute, and if so, the statute involved and the name of the person cited." (Id., at pp. 432-433.)
The real parties in interest argue that the only privileged report is the Vehicle Code section 20012 report required of the driver, but that the material taken from that report is not privileged. The court in Edgar made it clear that the report is privileged and the statutory exemption is confined to various persons involved in the accident or persons who may incur civil liability arising out of the accident. Real parties in interest do not come within this exception.
Relative to the material compiled from the report the Edgar court stated at page 435: "In obiter dictum, we also indicated that `inquiry into other accidents occurring at the situs of [the] accident, subject ... to the usual evidentiary standards' would be permitted during discovery. (Id., at p. 360.) That statement is correct, but of necessity limited. The existence of other accidents is not privileged information within the confidential restriction previously noted. The privilege against disclosure of the reported details supplied by the parties does not extend to the fact of an accident. However, the discoverable material is limited solely to the fact of any prior accidents and to their number. Petitioners may not have access indirectly to that which is not available directly. (People ex rel Dept. of Transportation v. Superior Court, supra, 60 Cal. App.3d 352; Webb v. Standard Oil Co. (1957) 49 Cal.2d 509, 513-514 ...; Sav-On Drugs, Inc. v. Superior Court (1975) 15 Cal.3d 1, 7....)
*31 "The fact that the State's knowledge that prior accidents have occurred is gleaned from reports that are declared by statute (§ 20012) to be confidential and privileged does not create any right or privilege on the part of the State to conceal such knowledge. (Cf. Baldwin v. State of California (1972) 6 Cal.3d 424....) The confidential privilege provided is not intended to protect the State from its responsibilities, including its duty to acknowledge the fact of prior occurrences, but is to protect and keep inviolate the identity of the persons involved in the accident, the witnesses and investigating officers, as well as the details contained in the report."
In the light of Edgar, real parties in interest are entitled to discovery as to the fact of the prior accidents and to their number, but not to the identity of the persons involved in the accidents, the witnesses, the investigating officers or the details contained in the report.

II
Real parties in interest complain that the state did not make an adequate foundational showing for the privilege claim in the trial court. (2) The claim of privilege as well as good cause for discovery is established in the same manner as are evidentiary facts. (D.I. Chadbourne, Inc. v. Superior Court (1964) 60 Cal.2d 723, 728-729 [36 Cal. Rptr. 468, 388 P.2d 700]; Greyhound Corp. v. Superior Court (1961) 56 Cal.2d 355, 393 [15 Cal. Rptr. 90, 364 P.2d 266].) Ordinarily this is done by declarations or affidavits but sufficient foundation may also be found in the pleadings and in admitted facts. (Greyhound Corp. v. Superior Court, supra, at p. 393.)
In the state's response to plaintiffs' request for production, it was pointed out that the requested documents were privileged. In the state's memorandum of points and authorities in opposition to plaintiffs' motion for order compelling production, it was pointed out that TASAS is derived solely from California Highway Patrol accident reports and that the basis of the asserted privilege was that the source is privileged. Both the necessary facts and principles of law were before the court.

III
Petitioner contends that the motion for production of records is overbroad in two areas. First, the motion requests production of the fact *32 and number of both prior and subsequent accidents. (1b) Petitioner contends that Edgar limits discoverable material to prior accidents. Edgar speaks of prior accidents; however, both prior and subsequent accidents are relevant to show that the subject condition was in fact dangerous. (Fuller v. State of California (1975) 51 Cal. App.3d 926, 943-944 [125 Cal. Rptr. 586].) Second, petitioner contends the motion is overbroad in that it requests production of the fact and number of accidents five miles north and five miles south of the subject accident without establishing any similarity to the subject accident. The discovery ordered may include accidents which are not relevant because not sufficiently similar, however, the question of whether prior or subsequent accidents are admissible is to be decided by the trial court and to confine the discovery order to similar accidents would be to rest this decision with the petitioner.
Let a peremptory writ of mandate issue directing the trial court to vacate its order of August 29, 1979, and to issue its order allowing discovery in accordance with this opinion.
Christian, J., and Poche, J., concurred.
The petition of real parties in interest for a hearing by the Supreme Court was denied March 21, 1980. Tobriner, J., Mosk, J., and Newman, J., were of the opinion that the petition should be granted.