[No. AO18961. First Dist., Div. Five. Mar. 20, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
BRUCE RAWSON ANSBRO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*At the direction of the court, and pursuant to California Rules of Court, rules 976 and 976.1, the portion of the opinion certified for publication follows.

[redacted]

## Counsel

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Stephen C. Thaman, Acting Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert Granucci and Michael Buzzell, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**HANING, J.**—Defendant/appellant Bruce Rawson Ansbro was convicted of vehicular manslaughter (Pen. Code, § 192, subd. 3) and driving under

the influence of alcohol/drugs causing death and bodily injury. (Veh. Code, § 23101, subd. (a).)[1] His motion for new trial was denied. He appeals on two general grounds: (1) prosecutorial misconduct[2] and (2) the court's failure to determine whether evidence of prior accidents at the scene of defendant's accident was admissible. We find defendant's first contention without merit. However, we conclude the trial court should have held a hearing to determine whether defendant's proffered evidence was admissible and so remand for further proceedings.

Defendant was involved in a head on collision with another vehicle, as a result of which a passenger in the other vehicle was killed. Both drivers had been drinking at the same birthday party earlier in the evening.

. . . . . . . . . . . . . . . . . . . . . . . . . .[*]

■ Defendant claims that exclusion of certain evidence denied him a fair trial.[4] He sought to introduce evidence of four other accidents which occurred at approximately the same location as the one upon which the present charges are based. He intended to use this evidence to establish the dangerous condition of the road as the cause of the accident, and during the trial he attempted to introduce a map of the portion of the road on which the accident occurred. The map was prepared by the Department of Public Works, and indicated the locations of the prior accidents at issue. The record implies that he also wanted to introduce the California Highway Patrol reports of the prior accidents.

■ Defendant could not introduce evidence of the prior accidents without first establishing that they occurred under substantially the same circumstances as the accident in which he was involved. (*Gilbert* v. *Pessin Grocery Co.* (1955) 132 Cal.App.2d 212, 216-217 [282 P.2d 148].) He could not lay this foundation without access to the reports and the map. The record indicates that when he subpoenaed the map and reports he was informed they were privileged under Evidence Code section 1040, subdivision (b)(1).

Evidence Code section 1040, subdivision (b)(1) provides, in pertinent part: "A public entity has a privilege to refuse to disclose official information . . . if . . . [d]isclosure is forbidden by . . . a statute of this state." In

---

[1]Now Vehicle Code section 23153.

[2]The discussion of this and related issues are contained in the unpublished portion of this decision pursuant to rule 976.1, California Rules of Court.

[*]See footnote, *ante,* page 273.

[4]Defendant had two trials. The first ended in a mistrial when the jury could not arrive at a unanimous verdict.

the instant case, the People claim that Vehicle Code section 20012,[5] which limits, with certain exceptions, use of *required* accident reports to the DMV and CHP, entitles them to claim this privilege to the reports and map. Vehicle Code sections 20008 through 20010 indicate that required reports are those filed by drivers and passengers of vehicles involved in accidents resulting in death or bodily injury, and by witnesses to such accidents. ■ Hence, it is these reports which are privileged under Vehicle Code section 20012. Reports of accidents made by investigating officers are not so privileged. (*Hodges* v. *Severns* (1962) 201 Cal.App.2d 99, 106 [20 Cal.Rptr. 129]; *Carroll* v. *Beavers* (1954) 126 Cal.App.2d 828, 837 [273 P.2d 56, 59 A.L.R.2d 263].) ■ It is important to understand that it is the required reports which are covered by the confidential privileges in sections 20012 and 20013, and not the fact of the accidents themselves. (*State of California* ex rel. *Department of Transportation* v. *Superior Court* (1980) 102 Cal.App.3d 25 [162 Cal.Rptr. 78]; *Edgar* v. *Superior Court* (1978) 84 Cal.App.3d 430 [148 Cal.Rptr. 687].)

■ It is unclear from the record whether defendant sought to introduce required reports or police reports. However, even if he sought to introduce required reports, Vehicle Code section 20012 does not allow the People's claim of unconditional privilege.

■ The due process requirements of the 5th Amendment to the United States Constitution, and article I, section 15 of the California Constitution, guarantee a defendant in a criminal prosecution the right to present relevant exculpatory evidence. ■ In the instant case, a state statute was utilized to prevent the accused from gaining access to evidence of possible benefit to his defense. The manner in which this was accomplished constitutes a denial of due process. The trial court should have examined the reports *in camera* to determine whether the prior accidents were sufficiently similar to

---

[5]Vehicle Code section 20012 states: "All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, except that the Department of the California Highway Patrol or the law enforcement agency to whom the accident was reported *shall disclose* the entire contents of the reports, including, but not limited to, the names and addresses of persons involved in, or witnesses to, an accident, the registration numbers and descriptions of vehicles involved, the date, time and location of an accident, all diagrams, statements of the drivers involved in the accident and the statements of all witnesses, *to any person who may have a proper interest therein, including, but not limited to,* the driver or drivers involved, or the guardian or conservator thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty arising out of the accident, and any attorney who declares under penalty of perjury that he represents any of the above persons. [¶] A request for a copy of an accident report shall be accompanied by payment of a fee, provided such fee shall not exceed the cost of providing such copy." (Italics added.)

defendant's accident to render such evidence relevant to the issue of causation. The trial court must also segregate the required reports from the accident reports prepared by the police agencies, since the later are not covered by section 20012. If evidence of the prior accidents is deemed to be relevant and the state claims the privilege of nondisclosure under section 20012, the court may then be required to give an instruction under Evidence Code section 1042, subdivision (a), which provides: "Except where disclosure is forbidden by an act of the Congress of the United States, if a claim of privilege under this article by the state or a public entity in this state is sustained in a criminal proceeding, the presiding officer shall make such order or finding of fact adverse to the public entity bringing the proceeding as is required by law upon any issue in the proceeding to which the privileged information is material."

The exclusion of this evidence, if relevant, could have had a significant impact on the jury's decision not only on the issue of guilt, but also in failing to recommend a place of confinement pursuant to Penal Code section 193.[6] (*People* v. *Glass* (1968) 266 Cal.App.2d 222 [71 Cal.Rptr. 858], overruled on other grounds in *People* v. *Superior Court* (*Hawkins*) (1972) 6 Cal.3d 757 [100 Cal.Rptr. 281, 493 P.2d 1145].) We therefore conclude that the failure to examine the reports in question was error. However, a remand in such a situation does not automatically require a new trial. ■ "[W]hen the validity of a conviction depends solely on an unresolved or improperly resolved factual issue which is distinct from issues submitted to the jury, such an issue can be determined at a separate post-judgment hearing and if at such hearing the issue is resolved in favor of the People, the conviction may stand." (*People* v. *Vanbuskirk* (1976) 61 Cal.App.3d 395, 405 [132 Cal.Rptr. 30]; *People* v. *Bustamante* (1981) 30 Cal.3d 88 [177 Cal.Rptr. 576, 634 P.2d 927]; *People* v. *Coyer* (1983) 142 Cal.App.3d 839 [191 Cal.Rptr. 376]; *People* v. *Cheeks* (1982) 135 Cal.App.3d 826 [185 Cal.Rptr. 496]; *People* v. *Minor* (1980) 104 Cal.App.3d 194 [163 Cal.Rptr. 501].)

We reverse and remand to the trial court for resolution of the evidentiary issue in accordance with this decision. If the trial court finds the evidence of prior accidents to be relevant, the order denying defendant's motion for a new trial is to be vacated and a new trial granted. Conversely, if the evidence is deemed irrelevant, defendant's conviction shall stand, and the

---

[6]At the time relevant to this prosecution, Penal Code section 193 provided that the jury could recommend confinement in the county jail rather than state prison, and such recommendation was binding on the court. The jury in the instant case obviously gave some thought to this problem since they sent a note to the court which read: "Can we recommend that the judge do the sentencing and how do we state it on the form."

court shall undertake all necessary proceedings, including rearraignment for and pronouncement of judgment, to give effect to the verdicts returned.

Low, P. J., and King, J., concurred.