[Civ. No. 49003. First Dist., Div. Four. Aug. 4, 1980.]

THOMAS S. BODENHEIMER, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
RAYMOND BALBERAN et al., Real Parties in Interest.

COUNSEL

Gregory L. Colvin and Polly Thomas for Petitioner.

No appearance for Respondent.

Nick T. Reckas, Reckas, Roboostoff, Allen & Miller and Lawrence M. Scancarelli for Real Parties in Interest.

OPINION

**CHRISTIAN, J.**—Thomas S. Bodenheimer seeks a writ commanding respondent superior court to refrain from compelling certain discovery.

Real parties in interest, former officers of the Mission Area Health Association, brought suit against four unincorporated associations—the

Grass Roots Alliance, the Workers Party for Proletarian Socialism, the Rebel Worker Organization, and the Institute for the Study of Labor and Economic Crisis—and against petitioner and other persons alleging that the defendants conspired to defame real parties in interest. The allegedly defamatory communications are the following:

1. An open letter, on the letterhead of the Institute for the Study of Labor and Economic Crisis, signed by petitioner and two other persons and stating, in part: "The current Mission Neighborhood Health Center board and administration are leading the Health Center to virtual destruction through incompetency, irresponsibility, and illegality. . . . There is strong evidence that administrative corruption is a major element at the Health Center, with Health Center funds going for personal travel, personal meals, and other personal gain. . . . This attempted election fraud and violation of the democratic process was called to the attention by the [defendant] Rebel Worker Organization. . . ."

2. An unsigned communication on the letterhead of the Rebel Worker Organization referring to the same dispute and making heated charges: "The only thing 'inside' about the Board members is that they are ripping the Mission, ripping people off; they are 'insiders' like a cancer inside your body. Clearly the clique tries to slap the 'outsiders' label on anyone who won't go along with their ripoff. . . . We are tired of all the lies and name-calling from a bunch of gangsters who want to stop the people from calling them what they are—enemies of the people. Black, white, or brown, a gangster is a gangster. It's time to stand up to these thugs and end their stranglehold and intimidation. . . . United, we can build a good Health Center and drive the poison of corruption out of the Mission."

3. Another unsigned missive on the letterhead of the Rebel Worker Organization stating in part as follows: "Because the Board members and their cronies in the Administration have been using the Clinic and its money for their own ends, at the expense of patients. Democratic elections would put an end to this graft and corruption. . . ."

Real parties took the deposition of petitioner. Asserting his First Amendment right to associational privacy, petitioner refused to answer three questions:

1. Are you a member of the organization (Grass Roots Alliance)?

2. Do you know any members of the Grass Roots Alliance?

3. Have you participated in any meetings of the Grass Roots Alliance?

Respondent court directed petitioner to answer, subject to the protective order that "any information elicited pursuant to this discovery order shall be used solely in connection with the preparation and trial of this lawsuit, and shall not be disclosed to any other person for any other purpose." Petitioner then commenced this writ proceeding.

Petitioner contends that the three questions impinge upon his constitutional right of freedom of association. In *Britt v. Superior Court* (1978) 20 Cal.3d 844 [143 Cal.Rptr. 695, 574 P.2d 766], the California Supreme Court declared the principles that are to guide courts in making discovery orders which impinge upon associational privacy: "[T]he First Amendment provides substantial protection of an individual's interest in associational privacy and...places severe restrictions on state-compelled disclosure of private affiliations and activities.... [T]hese firmly established constitutional precepts cannot be ignored merely because the issue of compelled disclosure arises in the context of litigation discovery; in this realm, as in all others, such disclosure of confidential associational affiliations and activities must be justified by a compelling state interest and must be precisely tailored to avoid undue infringement of constitutional rights." (*Id.,* at pp. 864-865.)

In *Britt,* 936 owners and residents of homes located near the San Diego airport sued the San Diego Unified Port District, seeking damages for diminution of property values, personal injuries and emotional disturbances. In deposing a number of the plaintiffs, the defendant attempted to investigate plaintiffs' local political activities in connection with the operation of Lindbergh Field, allegedly relevant to its defenses of res judicata, failure to mitigate damages, and the statute of limitations. Specifically, the defendant asked about: "(1) plaintiffs' 'membership in various organizations opposed to the...way in which the Port District operates its Airport'; (2) any meetings which plaintiffs may have attended 'concerning the Airport, including dates, topics and speakers'; (3) any correspondence which plaintiffs received from such organizations; (4) 'the identity of other people who attended meetings';

(5) 'the content of discussions with others regarding the meetings'; (6) the identity of those persons with whom plaintiffs discussed such matters; and (7) any financial contributions by plaintiffs to such organizations, including the 'amount, date, and identity of person requesting funds'.

"Defendant also asked plaintiffs to produce, at the taking of their depositions, various documents connected with airport political activity. Specifically, defendant requested plaintiffs to bring: 'Any and all writings reflecting communications of any form or nature between yourself, or any member of your family, and the Airport Relocation Committee, CRASH, and/or the Loma Portal Civic Club including, but not limited to: Any flyers, mimeographed sheets, forms, applications for membership, pledges of funds, correspondence, notes of conversations, or cancelled checks reflecting payment of any dues, fees or contributions to any such organization.'" (20 Cal.3d at p. 850.)

The court in *Britt* pointed out that this material had but a tenuous connection to the pleaded defenses proffered and concluded that the order compelling production of all this material was overbroad.

■ Here, the pertinence to the lawsuit of the relationship between petitioner and Grass Roots Alliance is close. Petitioner is alleged to be an agent of Grass Roots Alliance and working under its direction and supervision and with knowledge of its purposes. All defendants are alleged to have "conspired" to defame real parties in interest. Furthermore, the allegedly defamatory material, part of which is signed by petitioner, taken as a whole suggests that petitioner and Grass Roots Alliance are on the same side of a narrow local issue. To ask if petitioner is a member of that group is a narrow question having an important connection with the lawsuit.

The pertinence of the other two questions to the lawsuit is less close. But if the fact of membership is discoverable, the impact on privacy of the other two questions is too minimal to warrant extraordinary relief. Petitioner states that it would be permissible to ask if he knows any members of the Grass Roots Alliance who were involved in the writing of the materials. If so, the question of whether he knows any members or attended any meetings is but prefatory to a permissible question. If these questions are prefatory to an effort to discover the membership lists or protected discussions in meetings, a problem of impingement on

associational privacy may emerge. Presently such questions are not being asked.

The alternative writ is discharged and the petition is denied.

Rattigan, Acting P. J., and Poché, J., concurred.