[Civ. No. 48112. First Dist., Div. Three. Sept. 18, 1980.]

CHURCH OF HAKEEM, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
JAMES K. CARTER et al., Real Parties in Interest.

**COUNSEL**

Peter R. Stromer for Petitioners.

No appearance for Respondent.

George Deukmejian, Attorney General, Charles X. Delgado and Richard F. Finn, Deputy Attorneys General, Jack S. Schwartz and Gregory D. Walker for Real Parties in Interest.

**OPINION**

**SCOTT, J.**—This petition for a writ of prohibition challenges the propriety of a discovery order directing petitioners to disclose the names

and addresses of all members of the Church of Hakeem. Petitioner Dr. Hakeem Abdul Rasheed was found in contempt and sentenced to five days in jail for failure to comply with the court's discovery order. We conclude that the discovery order was improper; therefore, the finding of contempt and sentence therefor must be set aside.

Real parties in interest are plaintiffs in a suit against the petitioners. The individual plaintiffs allege that they paid certain sums of money to petitioners, thus becoming members of the Church of Hakeem. By virtue of such membership they also became "ministers" of the church. Real parties allege that petitioners committed acts of securities fraud, fraud, intentional and negligent misrepresentations, breach of fiduciary duties, breach of contract, conspiracy, and conversion. Petitioners seek damages on behalf of themselves and all other member-"ministers" of the church, in an amount equal to the sums they had donated to the church. Additionally, real parties seek exemplary damages. Real parties sought, and have obtained, extensive discovery regarding financial records of the church and its assets. Petitioners, however, have refused and failed to release the names, addresses, and telephone numbers of other church member-"ministers," asserting those members' constitutional right to associational privacy as guaranteed to them by the First Amendment of the Constitution of the United States of America.

■ The right of associational privacy was articulated in *N. A. A. C. P.* v. *Alabama* (1958) 357 U.S. 449, 462 [2 L.Ed.2d 1488, 1499-1500, 78 S.Ct. 1163], where the court stated that "compelled disclosure of affiliation with groups engaged in advocacy may constitute [an] effective...restraint on freedom of association....This Court has recognized the vital relationship between freedom to associate and privacy in one's associations....Inviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs." Associational privacy is not limited to association with groups espousing unorthodox or unpopular views. (See *Shelton* v. *Tucker* (1960) 364 U.S. 479 [5 L.Ed.2d 231, 81 S.Ct. 247] [public teachers' association].) In *Gibson* v. *Florida Legislative Comm.* (1963) 372 U.S. 539, 556 [9 L.Ed.2d 929, 941, 83 S.Ct. 889], the Supreme Court declared that "all legitimate organizations are the beneficiaries of these [privacy of association] protections." The right to associate for the advancement of beliefs is protected whether the belief sought to be advanced pertains to political, economic or religious matters. (*N. A. A. C. P.* v. *Alabama, supra,* 357 U.S. at pp. 460-461 [2 L.Ed.2d

at pp. 1498-1499]; *N. A. A. C. P. v. Button* (1963) 371 U.S. 415 [9 L.Ed.2d 405, 83 S.Ct. 328].)

In *City of Carmel-by-the-Sea* v. *Young* (1970) 2 Cal.3d 259, 266 [85 Cal.Rptr. 1, 466 P.2d 225, 37 A.L.R.3d 1313], the court held that among the basic liberties and rights not explicitly listed in the Constitution are freedom of association and privacy in one's associations, including privacy of the membership lists of a constitutionally valid organization.

■ However, the right of associational privacy is not absolute, and under some circumstances disclosure may be permissibly compelled. The California Supreme Court in *Britt* v. *Superior Court* (1978) 20 Cal.3d 844 [143 Cal.Rptr. 695, 574 P.2d 766], held a judicial discovery order to be constitutionally impermissible, explaining that "compelled disclosure of private associational affiliations or activities will inevitably deter many individuals from exercising their constitutional right of association, hav[ing] established that such intrusion into associational privacy may be sanctioned only upon the demonstration of a very important, indeed 'compelling,' state interest which necessitates the disclosure" (at pp. 848-849). In order to justify any impairment, there must be present a compelling state interest which justifies a substantial infringement of the members' First Amendment rights. Initially, we note that discovery of association membership is applicable to lawsuits, as here, between private individuals. (See *Britt, supra*, at p. 856.) The private litigant must demonstrate a compelling state interest in the sought-after discovery.

■ First, real parties contend that a showing of compelling state interest should not be required. They argue that since the individual plaintiffs are members of the Church of Hakeem, they have waived their constitutional rights in their request for their own membership list. However, all of the members of petitioner church have not joined as parties to the action. Indeed, one of the principal reasons for obtaining the membership list, according to real parties, is to lay a foundation for the proper certification of the members as a class in furtherance of real parties' class action. Neither petitioners nor real parties may waive the right of associational privacy, which is personal to each nonlitigant member. (See *N. A. A. C. P.* v. *Alabama, supra*, 357 U.S. at p. 458 [2 L.Ed.2d at p. 1497].)[1]

---

[1]The Nonprofit Religious Corporation Law, made effective January 1, 1980, specifies that members of a religious organization have a right to inspect and copy

Real parties next urge that a compelling state interest is not required in a lawsuit between an association and its members. Real parties cite Corporations Code sections 3002 and 3003, which provide for the maintenance and inspection of shareholder records, and authorize inspection of such records by the shareholders. These sections, however, are inapplicable to the instant case, which involves members of a church and not shareholders of a corporation.

Finally, real parties contend that no showing of compelling state interest is required because petitioners are operating in an unlawful and illegitimate manner. They claim that there was substantial and uncontroverted evidence presented of illegal securities offerings made by petitioners and fraud attendant to these offerings. However, in *Gibson* v. *Florida Legislative Comm., supra*, the court held that groups which themselves are neither engaged in subversive or other illegal or improper activities nor demonstrated to have any substantial connection with such activities are to be protected in their rights of free and private association. (372 U.S. at p. 558 [9 L.Ed.2d at p. 942].) Examples of organizations that have been found to have been engaging in improper activities are the Communist Party and the Ku Klux Klan. (*Communist Party* v. *Control Board* (1961) 367 U.S. 1 [6 L.Ed.2d 625, 81 S.Ct. 1357]; *Bryant* v. *Zimmerman* (1928) 278 U.S. 63 [73 L.Ed. 184, 49 S.Ct. 61, 62 A.L.R. 785].) Disclosure of membership lists of those organizations was upheld because of the very nature of the organization. No parallel can be drawn to the Church of Hakeem. Unlike the Ku Klux Klan and the Communist Party, the members of the Church of Hakeem have taken no secret oath vowing unlawfulness (see *Bryant* v. *Zimmerman*, at pp. 76-77 [73 L.Ed. at p. 191]; *Communist Party* v. *Control Board*, at pp. 93-94 [6 L.Ed.2d at pp. 687-688].) Nothing has been presented which suggests that all of the members are engaged in some illicit or illegal activity. To the contrary, real parties assert that the individual plaintiffs, as members, were defrauded and that most other members were also defrauded, hence the request to proceed in a class action.

Real parties contend that in any event they have made an adequate showing of compelling state interest for disclosure of the membership list. They assert that they need the membership list so they can determine the extent of petitioners' illegal activities, and to provide restitution to the ministers of the church. They claim the only sure

---

membership lists of such organizations. (Corp. Code, §§ 9510-9514.) The discovery order and contempt finding in the instant case occurred in 1979, and therefore are unaffected by these statutes. We do not address their constitutionality.

method of determining the identity of all the ministers who may have donated and the true amount of the donations is to compare the donation receipts produced by the church with the receipts or other records in the possession of the ministers whose names appear on the minister list. This so-called need, however, is associated with the alleged need of real parties to obtain the membership list in aid of certification of the class. Such would, of course, be a convenient way of finding out who the other potential plaintiffs are. There are many other methods by which all, or substantially all, of the members who wish to be identified can in fact be contacted. Advertisements in newspapers and by word of mouth in the community would probably make the class action known to most, if not all, of the ministers of the church.

Real parties also urge that a compelling state interest is demonstrated by the uncontroverted evidence of violations of federal and state securities laws. This rationale was used by real parties in support of their contention that no compelling state interest need be demonstrated. Again, however, the argument fails to assist real parties because innocent, nonlitigant members are entitled to First Amendment protection no matter what illegitimate activities may have been engaged in by the church, its founder, or some few of its member-ministers.

In summary, real parties have not demonstrated a compelling state interest to obtain disclosure of petitioners' nonlitigant rank-and-file members. The anonymity of that membership remains protected by their right of associational privacy.

Let a peremptory writ issue, directing the trial court to nullify its contempt order and its discovery order insofar as it requires disclosure of membership lists of the Church of Hakeem.

White, P. J., and Feinberg, J., concurred.