[S.F. No. 24625. July 2, 1984.]

FRED JAMES DAVIES, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
THE STATE OF CALIFORNIA, Real Party in Interest.

**COUNSEL**

Richard C. Watters and Miles, Sears & Eanni for Petitioner.

No appearance for Respondent.

Robert F. Carlson, Ronald I. Harrison, George L. Cory and Richard A. Wehe for Real Party in Interest.

## OPINION

**GRODIN, J.**—Petitioner, the plaintiff in an action seeking damages for personal injuries suffered in a single vehicle tractor-trailer accident, sought a writ of mandate to compel the respondent superior court to order real party in interest State of California (State) to answer interrogatories and produce documents containing information about other accidents at the same location. The State had refused a request for production, and had declined to answer two interrogatories, asserting that the information sought was compiled from accident reports made confidential, and thus not subject to discovery, by Vehicle Code sections 20012 and 20014.[1] This court issued an alternative writ, with which the superior court and the State have since complied. Although the proceeding was thereby rendered moot the question presented has statewide importance and is of a recurring nature. We have, therefore, exercised our discretion to retain the matter and decide this question. (*Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168]; *Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712 [106 Cal.Rptr. 21, 505 P.2d 213].) We shall conclude that information about other accidents which discloses neither the identity of the reporting party nor identifying material, although generated from accident reports, is not made confidential by sections 20012 and 20014. We shall also conclude that this information is subject to discovery because it is related to the subject matter of a lawsuit arising out of an accident on a public highway and may lead to discovery of admissible evidence.

I

Petitioner's cause of action against the State is based upon a claim that the state highway on which the accident occurred was designed, built, and maintained in a defective and dangerous condition of which the State had notice. During the course of discovery he served interrogatories and a request for production of documents on the State pursuant to Code of Civil

---

[1] All future references to code sections are to the Vehicle Code unless otherwise indicated.

Procedure sections 2030 and 2031.[2] The interrogatories included questions about prior accidents occurring at the location of that involving petitioner, asking for the dates, type of accident, parties involved, whether litigation against the State had followed, and whether the accidents had been recorded in the TASAS computer.[3] Petitioner's second request for production of documents, that in issue here, sought collision diagrams prepared in conjunction with investigations of accidents occurring at that location and traffic collision reports of accidents occurring subsequent to his.[4]

The State had refused to produce either type of document or to answer the interrogatories requesting information regarding the prior accidents, asserting in each instance that the Legislature had mandated that California Highway Patrol reports be confidential, and with respect to the diagrams that this mandate encompassed information generated from those reports. The State opposed the motions for an order compelling production and for

---

[2]Code of Civil Procedure section 2030 authorizes the service of interrogatories related to any matter that can be inquired into under section 2016. Section 2031 authorizes requests to identify and produce documents relevant to the subject matter of the action, or reasonably calculated to discover admissible evidence relating to matters within the scope of examination permitted by subdivision (b) of section 2016. Subdivision (b) of that section, which governs depositions, provides:

"(b) Unless otherwise ordered by the court as provided by subdivision (b) or (d) of Section 2019 of this code, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. All matters which are privileged against disclosure upon the trial under the law of this state are privileged against disclosure through any discovery procedure. This article shall not be construed to change the law of this state with respect to the existence of any privilege, whether provided for by statute or by judicial decision.

"The work product of an attorney shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice, and any writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances."

[3]TASAS is an acronym for a computerized accident data retrieval system, the Traffic Accident Surveillance Analysis System, which stores data on all accidents on the state highway system.

[4]The Department of Transportation had stated in answers to prior interrogatories that one accident had occurred at the designated location in 1973, 1975, 1978, and 1980. Two had occurred in 1979 and six in 1981. The only one in 1982 had been that in which petitioner was involved. Petitioner's first request for production of documents sought collision reports of accidents prior to his. The second sought diagrams prepared during investigation of all accidents at the location, and traffic collision reports regarding accidents subsequent to his.

This petition for writ of mandate does not seek discovery of the accident reports themselves and we do not decide here the circumstances in which a person who was not a party to a traffic accident may have an interest sufficient to entitle him to review the reports themselves.

further response to the interrogatories asserting that sections 20012 and 20014,[5] as interpreted by the Court of Appeal in *State of California* ex rel. *Department of Transportation* v. *Superior Court (Thomsen)* (1980) 102 Cal.App.3d 25 [162 Cal.Rptr. 78]; *Edgar* v. *Superior Court* (1978) 84 Cal.App.3d 430 [148 Cal.Rptr. 687]; and *People* ex rel. *Dept. of Transportation* v. *Superior Court (Clark)* (1976) 60 Cal.App.3d 352 [131 Cal.Rptr. 476], preclude discovery of accident reports[6] and of information contained in or generated from those reports.

The superior court denied both motions, ruling that the matters sought to be discovered were privileged and not discoverable.

II

Section 20012 provides that accident reports "shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, except that the . . . Highway Patrol or the law en-

---

[5]These sections provide:

Section 20012: "All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, except that the Department of the California Highway Patrol or the law enforcement agency to whom the accident was reported shall disclose the entire contents of the reports, including, but not limited to, the names and addresses of persons involved in, or witnesses to, an accident, the registration numbers and descriptions of vehicles involved, the date, time and location of an accident, all diagrams, statements of the drivers involved in the accident and the statements of all witnesses, to any person who may have a proper interest therein, including, but not limited to, the driver or drivers involved, or the guardian or conservator thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty arising out of the accident, and any attorney who declares under penalty of perjury that he represents any of the above persons.

"A request for a copy of an accident report shall be accompanied by payment of a fee, provided such fee shall not exceed the cost of providing such copy."

Section 20014: "All required accident reports and supplemental reports and all reports made to the Department of the California Highway Patrol by any peace officer, member of the Department of the California Highway Patrol, or other employee of the Department of Motor Vehicles and the Department of the California Highway Patrol, shall be immediately available for the confidential use of any division in the department needing the same, for confidential use of the Department of Transportation, and, with respect to accidents occurring on highways other than state highways, for the confidential use of the local authority having jurisdiction over the highway."

[6]Sections 20012 and 20014 apply only to "required accident reports, and supplemental reports," and to reports by peace officers to the California Highway Patrol. The accident reports at issue here are those "required" of drivers (§§ 20004, 20008), and in some cases occupants (§ 20010) or owners (§ 20009) of vehicles involved in accidents. Only reports made pursuant to these statutory requirements are made confidential by sections 20012 and 20014. (*Dwelly* v. *McReynolds* (1936) 6 Cal.2d 128, 131 [56 P.2d 1232] [statements made to investigating officer, transcribed, and signed, but not made on accident report form or filed, held not privileged].) A similar confidentiality requirement attaches to reports made pursuant to the financial responsibility provisions (§ 16000 et seq.) of the code. (§ 16005.)

forcement agency to whom the accident was reported shall disclose the entire contents of the reports . . . to any person who may have a proper interest therein . . . ." Construing this section as creating a privilege which the State could assert against discovery by any person other than one who might incur liability arising out of the accident which was the subject of the report sought, the Court of Appeal in *People* ex rel. *Dept. of Transportation* v. *Superior Court (Clark), supra,* 60 Cal.App.3d 352, held that a litigant could not obtain access to *reports* of other accidents. The court did not then foreclose discovery of *information* about those accidents however. To the contrary, it suggested that the plaintiff was not "precluded from procuring the desired information by other means," including interrogatories directed to the Department of Transportation. (*Id.,* at p. 360.)

When another litigant subsequently sought discovery of information about other accidents at the scene of his own by serving such interrogatories on the department, the State refused to answer the interrogatories on grounds that the information it had was obtained from the reports whose confidentiality was confirmed in *Clark*. This time the Court of Appeal responded by disavowing its dictum in *Clark* which it stated was "necessarily limited" to discovery only of the fact that prior accidents had occurred at the same location. In explanation the court said that the plaintiff could not "have access indirectly to that which is not available directly." (*Edgar* v. *Superior Court, supra,* 84 Cal.App.3d 430, 435.) Acknowledging the right to discover the fact of other accidents, the court reasoned that the "confidential privilege provided is not intended to protect the State from its responsibilities, including its duty to acknowledge the fact of prior occurrences, but is to protect and keep inviolate the identity of the persons involved in the accident, the witnesses and investigating officers, as well as the details contained in the report." (*Id.,* at p. 435.)

More recently, in *State of California* ex rel. *Department of Transportation* v. *Superior Court (Thomsen), supra,* 102 Cal.App.3d 25, the plaintiff in the underlying litigation had sought the TASAS printouts requested by petitioner here. In addition, he sought, and the superior court ordered production of "[d]ocuments of prior accidents" prepared by the California Highway Patrol, and any other documents relating to accidents at the specified location in the possession of the Department of Transportation. The trial court had provided that the names of individuals involved could be deleted from any accident reports that might be produced in compliance with the order. The Court of Appeal granted the department's petition for writ of mandate and directed the superior court to vacate that order. In so doing the court noted the purpose of section 20012 "to encourage parties and witnesses to report accidents completely and truthfully" (*Fernandez* v. *Di Salvo Appliance Co.* (1960) 179 Cal.App.2d 240, 245 [3 Cal.Rptr. 609]), and specu-

lated that a further purpose may have been to protect the privacy of persons involved. Then, after reviewing *Clark* and *Edgar,* the court agreed that the accident reports are "privileged" and that plaintiff was not entitled to discovery of the accident reports because he was not a person subject to liability and thus did not have a "proper interest" in the records themselves within the meaning of section 20012. Accepting the reasoning that the source of the TASAS data was "privileged," the court also concluded that the TASAS data were not discoverable.

■ Neither the language of section 20012, nor its purpose of encouraging truthful and complete accident reports, supports the conclusion that the confidentiality that attaches to accident reports extends to the data in the TASAS retrieval system. Before addressing the legislative intent and proper interpretation of section 20012, however, it is appropriate also to explain that neither this statute nor section 20013 creates a "privilege" as that term is used in the Evidence Code (see Evid. Code, § 911 et seq.) and in the discovery statutes. Sections 20012 and 20014 term accident reports "confidential," while section 20013 provides that they may not be introduced as evidence in any trial. ■ The exclusion of accident reports from evidence is quite narrow, however, applying only to statutorily "required" accident reports, those to be made by a driver, passenger, or witness to an accident, and to statements contained in those reports. (*Dwelly* v. *McReynolds, supra,* 6 Cal.2d 128.) ■ Although termed a "privilege" in some opinions, the confidentiality created by these statutes does not authorize the reporting party to control release of the reports or information contained therein. The State is authorized to disclose the "entire contents" of the reports to the persons particularly described in section 20012 and to any other person having a "proper interest" therein. The State, not the reporting party, determines who those persons may be. The statute does not create a privilege in the reporting party to refuse to be a witness or to disclose information about the accident, and it does not create a privilege to preclude discovery by a person having a "proper interest" in the contents of the report. The express disclosure authorization of section 20012, and the limited exclusion from evidence created by section 20013, suggest that the information contained in accident reports is more accurately characterized as "confidential" than as "privileged."[7] This distinction supports our conclusion that the Leg-

---

[7]Because information in accident reports is not "privileged," these reports are distinguishable from the income tax returns considered by the court in *Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1 [123 Cal.Rptr. 283, 538 P.2d 739], relied on by the Court of Appeal, and by the State, for the proposition that data generated from accident reports is not subject to discovery. Revenue and Taxation Code section 7056 was in issue in *Sav-On Drugs.* That statute made it unlawful to disclose the business affairs, operation, or any information about a retailer required to report or pay tax. We found in that statute a legislative intent that disclosures in tax returns not be exposed to public scrutiny. By contrast, section 20012 expressly permits disclosure of the contents of the confidential accident reports to persons having a "proper interest therein."

islature did not intend by conferring confidentiality on required accident reports to extend that status to data generated from those reports.

The legislative intent underlying the assurance of confidentiality extended to motorists by section 20012 must be ascertained in the context of a request for information made in the course of civil discovery in which liberality is the rule. The purpose underlying the confidentiality accorded accident reports and the purpose of encouraging extensive pretrial discovery must be accommodated so as to further both purposes to the extent possible.

The purpose of civil discovery is clear. ■ In enacting the discovery statutes the Legislature "intended to take the 'game' element out of trial preparation" by assisting the parties in obtaining the facts and evidence necessary to expeditious resolution of their dispute. (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266].) The several purposes of discovery were explained in *Greyhound.* "The new system . . . was intended to accomplish the following results: (1) to give greater assistance to the parties in ascertaining the truth and in checking and preventing perjury; (2) to provide an effective means of detecting and exposing false, fraudulent and sham claims and defenses; (3) to make available, in a simple, convenient and inexpensive way, facts which otherwise could not be proved except with great difficulty; (4) to educate the parties in advance of trial as to the real value of their claims and defenses, thereby encouraging settlements; (5) to expedite litigation; (6) to safeguard against surprise; (7) to prevent delay; (8) to simplify and narrow the issues; and, (9) to expedite and facilitate both preparation and trial." (*Ibid.,* fn. omitted.) These purposes require a liberal construction of the discovery statutes. (*Chronicle Pub. Co.* v. *Superior Court* (1960) 54 Cal.2d 548, 560 [7 Cal.Rptr. 109, 354 P.2d 637].)

■ It is undisputed that the purpose of the confidentiality accorded accident reports is to encourage those persons who are required to make them to give a full and accurate account. (*Fernandez* v. *Di Salvo Appliance Co.,* *supra,* 179 Cal.App.2d 240, 244-245.) ■ The Legislature has determined, however, that this purpose is not undermined by giving other parties involved in the accident, or those who may incur liability arising out of it, access to the reports. Since highway accidents are public occurrences, and are often the object of press reports, it seems unlikely that the legislative purpose was to keep confidential either the fact of the accident or information about its nature and causation. Nor is there any reason to protect the identity of the investigating officer since that information is also readily available from other sources. It seems probable, therefore, that the Legislature intended to protect the privacy of the reporting parties by keeping confidential their identities and information that might disclose identity.

TASAS data, diagrams, and other information about accidents in the possession of the State are derived from accident reports. However, the State does not dispute petitioner's claim that this data easily can be made available without indication of the identity of the reporting person or persons and can be disclosed without compromising the confidentiality of identifying information in the reports themselves. We are satisfied therefore that the legislative purpose in assuring reporting parties that their reports will be confidential does not require extension of that confidentiality to data generated from accident reports. That data, with identifying information excised, is not made confidential by the express language of sections 20012 and 20014, and the State has not persuaded us that it is necessary to interpret those sections that broadly in order to fulfill the legislative purpose.

A construction which limits confidentiality of accident reports to the reports themselves and to identifying data is consistent with the need for careful balancing of the rights of parties seeking discovery and those of the party or persons for whose benefit confidentiality is created. (See *Valley Bank of Nevada* v. *Superior Court* (1975) 15 Cal.3d 652, 657-658 [125 Cal.Rptr. 553, 542 P.2d 977]; *Chronicle Pub. Co.* v. *Superior Court, supra*, 54 Cal.2d 548, 573.) ■ In construing a statute which accords confidentiality to information sought by discovery liberality in allowing discovery is the rule unless statutory or public policy considerations clearly prohibit it. (*Greyhound Corp.* v. *Superior Court, supra*, 56 Cal.2d 355, 378.)

■ As we have demonstrated, the statutes under consideration do not provide that TASAS data and other information generated from accident reports are to be kept confidential, and confidentiality is unnecessary to achieve their purpose. Nor do public policy considerations support denial of access to information which may reveal a defective condition of public property. The contrary is true. Discovery of a highway defect, and of the State's potential liability for damages caused thereby, serves the salutary purpose of encouraging remedial measures. And, of course, there is no public policy favoring nondisclosure to shield the State against such liability. (*Edgar* v. *Superior Court, supra*, 84 Cal.App.3d 430, 435.)

Therefore, since section 20012 does not prohibit disclosure and public policy does not warrant nondisclosure, we may presume that the Legislature, having in mind the civil litigant's interest in discovery of information relevant to a cause of action, did not intend that section 20012 be interpreted as precluding release by the State of information generated from confidential accident reports when that disclosure does not reveal the identities or compromise the privacy interests of the reporting parties. To the extent that they are inconsistent with this conclusion, *People ex rel. Dept. of Transportation*

v. *Superior Court (Clark), supra,* 60 Cal.App.3d 352, and its progeny are disapproved.

## III

■ The State also contends that discovery should not be ordered because neither the data generated from reports of other accidents, nor evidence that the Department of Transportation is in possession of that data, is relevant or likely to lead to the discovery of admissible evidence. Indeed, the State makes the extraordinary statement that "under the existing state of the law, public entities have found it necessary to utilize the privilege provided by the Vehicle Code in order to frustrate discovery because of the unfortunate propensity of the courts to admit evidence of other accidents with *no* foundation designed to insure that they were *caused* by the alleged dangerous condition and therefore are relevant to the issue being litigated." Data generated from reports, it contends, is not admissible absent a showing of causality.

But discovery is not limited to admissible evidence, and it would be novel to adopt limitations on discovery on the basis of an allegation that some courts are too liberal in admitting evidence which is discovered. Data derived from reports of other accidents may be admissible, or it may lead to admissible evidence. That data itself may reveal other accidents of a sufficient number that, although the other accidents have been attributed to other causes or are unexplained, the evidence suggests that a highway defect may be a common contributory factor. The evidence thus discovered might then qualify the party as a person having a "proper interest" in obtaining disclosure of the accident reports themselves as permitted by section 20012.

The State's claim that discovery is not warranted because the evidence disclosed would not itself be admissible is untenable. It is settled that admissibility is not prerequisite to discovery.[8] (Code Civ. Proc., § 2016, subd. (b); *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 172-173 [84 Cal.Rptr. 718, 465 P.2d 854]; *Chronicle Pub. Co.* v. *Superior Court, supra,* 54 Cal.2d 558, 560.) TASAS data regarding other accidents, diagrams, and other information in the possession of the State about those accidents are all relevant to the subject matter of a lawsuit arising out of another accident at the same location, and may aid in the parties' preparation for trial. Discovery is, therefore, permitted. (*Ibid.*)

## IV

In summary, we conclude that the confidentiality accorded accident reports by section 20012 does not extend to data generated from those reports

---

[8]We do not exclude the possibility that some of this data may be admissible as evidence of the State's knowledge of the existence of the defect.

from which indicia of identity have been or can be excised. That data is subject to discovery by a party to a lawsuit arising out of a highway accident at the location without a prior showing that a common cause contributed to the other accidents about which data is sought.

Inasmuch as the superior court and real party in interest have complied with the alternative writ issued by this court, issuance of a peremptory writ is unnecessary. The alternative writ is discharged and the petition for writ of mandate is denied.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., and Wonder, J.,* concurred.

**BIRD, C. J.**—I concur with the reasoning and the conclusion of the majority. I write separately because I believe this court should decide whether petitioner has a "proper interest," within the meaning of Vehicle Code section 20012, in obtaining confidential accident reports.

Preliminarily, it should be noted that section 20012 does not exclude petitioner from the class of persons with a "proper interest" in the contents of accident reports. On the contrary, that section provides that law enforcement agencies receiving such reports shall disclose their "entire contents . . . to any person who may have a proper interest therein, *including, but not limited to,* the driver or drivers involved . . . ." (Italics added.) The statute clearly contemplates that persons other than those involved in the reported accident may have a "proper interest" in the report.[1]

The majority correctly analyze the competing interests involved when a litigant seeks to discover confidential accident reports. On the one hand, it is well established that liberality is the rule in civil discovery. (*Valley Bank*

---

*Assigned by the Chairperson of the Judicial Council.

[1] Although the persons specifically enumerated by section 20012 are those who may be involved in the litigation arising out of the reported accident, the doctrine of *ejusdem generis* does not apply here to exclude petitioner from the class of persons with a "proper interest." The specifically enumerated persons appear to exhaust the class of potential parties to the litigation based on the reported accident. Application of the doctrine would render the words "including but not limited to" mere surplusage. (2A Sutherland on Statutory Construction (4th ed. 1973) § 47.21.)

Furthermore, the doctrine "is a rule of construction used to carry out, not to defeat, legislative intent." (*County of Placer* v. *Corin* (1980) 113 Cal.App.3d 443, 448, fn. 2 [170 Cal.Rptr. 232]; see also *American National Ins. Co.* v. *Fair Employment & Housing Com.* (1982) 32 Cal.3d 603, 608-609 [186 Cal.Rptr. 345, 651 P.2d 1151]; *Rubio* v. *Superior Court* (1979) 24 Cal.3d 93, 102-103 [154 Cal.Rptr. 734, 593 P.2d 595].) As discussed below, the legislative objective, consistent with well-established public policy, is to require disclosure of the required accident reports when it is necessary to promote the important state interest in the ascertainment of truth in legal proceedings. This objective is just as important when the litigation involves a subsequent accident at the same location.

*of Nevada* v. *Superior Court* (1975) 15 Cal.3d 652, 655-656 [125 Cal.Rptr. 553, 542 P.2d 977]; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]; *Chronicle Pub. Co.* v. *Superior Court* (1960) 54 Cal.2d 548, 572 [7 Cal.Rptr. 109, 354 P.2d 637].) This court has recognized that extensive pretrial discovery promotes the "historically important state interest of facilitating the ascertainment of truth in connection with legal proceedings." (*In re Lifschutz* (1970) 2 Cal.3d 415, 432 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].)

On the other hand, the Legislature appears to have afforded some measure of privacy to persons filing these required accident reports. The purposes behind the confidentiality provision of section 20012 were summarized in *State of California* ex rel. *Department of Transportation* v. *Superior Court (Thomsen)* (1980) 102 Cal.App.3d 25 [168 Cal.Rptr. 78] (hereinafter *Thomsen*): "[T]he obvious purpose of section 20012 is 'to encourage parties and witnesses to report accidents completely and truthfully.' [Citation.] . . . A further purpose of the statute may well be one of protecting the privacy of persons involved, not merely as an aid to obtaining reports, but also as an end in itself. At least, the section achieves an element of privacy which, since the passage of the statutory scheme, has been recognized in California as a constitutional right (Cal. Const., art. I, § 1) and is cognizable in discovery matters. [Citation.]" (*Id.,* at p. 29.)

When the interest of a civil litigant in discovering potentially relevant information intrudes on another person's claim to privacy, the court must engage in a careful balancing of each interest. (*Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d 657.)

In *Morales* v. *Superior Court* (1979) 99 Cal.App.3d 283 [160 Cal.Rptr. 194], and *Board of Medical Quality Assurance* v. *Gherardini* (1979) 93 Cal.App.3d 669 [156 Cal.Rptr. 55], the courts have determined that "careful balancing" requires a court to accommodate each interest to the greatest extent possible. When each interest can be protected by allowing limited discovery, " '. . . the courts should impose partial limitations rather than outright denial of discovery.' [Citation.]" (*Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d at p. 658; see also *Board of Trustees* v. *Superior Court* (1981) 119 Cal.App.3d 516, 528-533 [174 Cal.Rptr. 160] [plaintiff in defamation action against university is entitled to see the contents of his personnel file, including letters of reference, with appropriate deletions of identification of the sources of these confidential letters].) The court must fashion its order "to accommodate the competing values of the individual right to privacy and . . . the 'important state interest of facilitating the ascertainment of truth in . . . legal proceedings.' [Citations.]" (*Willis* v. *Superior Court* (1980) 112 Cal.App.3d 277, 297 [169 Cal.Rptr. 301].)

Where it is *not* possible to accommodate both interests, courts have carried out their "careful balancing" by requiring a litigant to show a particular need for the information. The showing which a litigant must make varies, depending on the weight accorded the privacy interest. For example, in *Britt* v. *Superior Court* (1978) 20 Cal.3d 844 [143 Cal.Rptr. 695, 574 P.2d 766], this court held that where a defendant sought discovery which implicated the First Amendment associational rights of a large class of plaintiffs, it was entitled only to such limited information as was "directly relevant" to the cause of action or to a defense. (*Id.*, at pp. 859-862.) In *Bodenheimer* v. *Superior Court* (1980) 108 Cal.App.3d 885 [167 Cal.Rptr. 26], discovery of a defendant's membership in a political organization was allowed because, in light of a conspiracy allegation, his membership involved "a narrow question having an important connection with the lawsuit." (*Id.*, at p. 889.) In *Fults* v. *Superior Court* (1979) 88 Cal.App.3d 899, 904-905 [152 Cal.Rptr. 210], the court held that a wife bringing a paternity action could be compelled to disclose her own sexual activities only to the extent justified by a compelling interest. Therefore, the defendant was entitled to discovery of information about her sexual activities at the time conception might have occurred.

As the foregoing cases illustrate, when a litigant's request for discovery touches another person's privacy interest, a litigant is not as free to obtain information as he might otherwise be. (See *Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d at pp. 384-386.) A particularized need for the information must be established. How compelling this need must be will depend on the importance of the privacy interest involved.

Applying these principles, it is clear that if petitioner's needs can be met by discovery of the contents of accident reports—whether as a TASAS printout or in any other form which omits the names and addresses of the reporting parties—a court can and must allow such discovery. Plainly petitioner is entitled, under generally applicable principles of civil discovery, to learn whether other accidents have occurred at the same location and whether the nature of those accidents indicates that they might have been caused by a design defect. Such information is unquestionably "reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc., § 2016, subd. (b).) Just as plainly, the reporting parties have no countervailing privacy interest in the facts of their accidents—so long as these facts do not reveal their identities.[2]

---

[2]As *Thomsen, supra,* 102 Cal.App.3d at page 29, and *Edgar* v. *Superior Court* (1978) 84 Cal.App.3d 430, 435 [148 Cal.Rptr. 687] noted, there is no protected privacy interest in the fact that prior accidents have occurred at a particular location. Those cases explicitly recognize that a litigant is entitled to discovery of the state's knowledge that accidents have occurred at a location—even though the state's knowledge is derived from confidential sec-

If a litigant cannot make a particularized showing of a need for the entire report, the court may authorize "'partial limitations rather than outright denial of discovery.'" (*Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d at p. 658.) Such a litigant has a "proper interest" within the meaning of section 20012 in obtaining the depersonalized information found in the reports.

After reviewing the accident report information obtained through this limited discovery, a litigant may determine that evidence of one or more of these accidents is likely to be admissible in his own case. At this point, he should be permitted to discover the identities of the reporting parties in those accidents. It is true that at this stage the privacy interest of the reporting party *is* being invaded. However, once a litigant can show that evidence of another accident will likely be admissible in his trial, he demonstrates a sufficiently particularized need for discovery which outweighs the limited statutory privacy of the reporting party. He has met a far more stringent test of "relevance" than is usually required for discovery.[3] He has demonstrated that the "historically important state interest of facilitating the

tion 20012 reports. As the *Edgar* court held, "The confidential privilege provided is not intended to protect the State from its . . . duty to acknowledge the fact of prior occurrences, but is to protect and keep inviolate the identity of the persons involved in the accident, the witnesses and investigating officers, as well as the details contained in the report." (*Edgar* v. *Superior Court, supra,* 84 Cal.App.3d at p. 435.)

To the extent *Edgar* suggests that there is a privacy interest in the "details involved in the report" other than those details which would reveal the identity of the reporting party, it is in error. A reporting party has no interest in keeping secret such facts as the cause of an accident, the exact location and number of cars involved—so long as these facts do not disclose anyone's identity.

[3]Normally, a party opposing discovery may not object on the ground that the information sought will not be admissible at trial. Discovery is available so long as "the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc., § 2016, subd. (b) [depositions]; the same scope of discovery is applicable to interrogatories [Code Civ. Proc., § 2030, subd. (c)] and to requests for documents [Code Civ. Proc., § 2031, subd. (a)].)

Furthermore, a litigant is entitled to discover "the identity and location of persons having knowledge of relevant facts." (Code Civ. Proc., § 2016, subd. (b); *Colonial Life & Accident Ins. Co.* v. *Superior Court* (1982) 31 Cal.3d 785, 790-792 [183 Cal.Rptr. 810, 647 P.2d 86]; *Smith* v. *Superior Court* (1961) 189 Cal.App.2d 6, 11-12 [11 Cal.Rptr. 165, 88 A.L.R.2d 650].)

As this court has held, the term "relevant" as used in the discovery statutes, does *not* require a showing of admissibility. (*Colonial Life & Accident Ins. Co.* v. *Superior Court, supra,* 31 Cal.3d at p. 790; *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 174-175 [84 Cal.Rptr. 718, 465 P.2d 854].) "[A]dmissibility is not a proper test. Relevancy to the subject matter is the sole test for the production of unprivileged matter. [Citing *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 391 (15 Cal.Rptr. 90, 364 P.2d 266).]" (*Filipoff* v. *Superior Court* (1961) 56 Cal.2d 443, 452 [15 Cal.Rptr. 139, 364 P.2d 315].)

Absent the confidentiality provision of Vehicle Code section 20012, it is beyond question that the accident reports—including the names and addresses of the reporting parties—would be relevant and discoverable under Code of Civil Procedure section 2016, subdivision (b).

ascertainment of truth in connection with legal proceedings" (*In re Lifschutz, supra,* 2 Cal.3d 415, 432) demands the discovery he seeks. He is a person with a "proper interest" in obtaining the entire report.

The countervailing privacy interest in this case does not involve constitutionally protected First Amendment activities. (Compare *Britt* v. *Superior Court, supra,* 20 Cal.3d 844; *Church of Hakeem, Inc.* v. *Superior Court* (1980) 110 Cal.App.3d 384 [168 Cal.Rptr. 13].) Nor does disclosure invade an established privilege, such as the physician-patient privilege (*Britt, supra,* at pp. 862-864) or the psychotherapist-patient privilege (*In re Lifschutz, supra,* 2 Cal.3d at pp. 429-435).

Automobile accidents are generally not a "sensitive area[] of personal information . . . ." (*Willis* v. *Superior Court, supra,* 112 Cal.App.3d at p. 297; see *Fults* v. *Superior Court, supra,* 88 Cal.App.3d at p. 905 [discovery refused where the defendant in a paternity case sought to learn "the most intimate aspects of (the mother's) sexual life"]; and *Morales* v. *Superior Court, supra,* 99 Cal.App.3d 283 [disclosure of plaintiff's extramarital affairs limited to exclude names, addresses, and telephone numbers of nonlitigant paramours].) The fact that a person was involved in an automobile accident cannot compare with the embarrassment suffered as a result of a disclosure of an arrest. (See *Craig* v. *Municipal Court* (1979) 100 Cal.App.3d 69 [161 Cal.Rptr. 19] [criminal defendant not entitled to learn identities of all persons arrested by officer who arrested him, absent further showing of relevance].) Disclosure of the facts of an automobile accident will generally be less of an intrusion into personal affairs than will disclosure of financial records. (Compare *Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d at pp. 656-657; *Cobb* v. *Superior Court* (1979) 99 Cal.App.3d 543 [160 Cal.Rptr. 561] [discussing the various protective orders available to narrow discoverable financial information]; see generally *Burrows* v. *Superior Court* (1974) 13 Cal.3d 238 [118 Cal.Rptr. 166, 529 P.2d 590].)

Allowing a litigant to obtain accident reports, when he can show that evidence of the reported accident is likely to be admissible in his case, represents a fair balancing of the competing interests. A litigant who can make such a showing qualifies as a person with a "proper interest" in the reports under Vehicle Code section 20012.