Filed 5/15/25  Marriage of Youssif CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re Marriage of JEANNETTE and FARID YOUSSIF. | B336123 |
| JEANNETTE G. YOUSSIF,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>        v.<br><br> FAYEZ FAHMI KHALIL et al., Individually and as Trustees etc.,<br><br>    Defendants, Cross-complainants and Appellants. | (Los Angeles County Super. Ct. No. 21STFL00817) |

APPEAL from an order of the Superior Court of Los Angeles County, Michelle L. Kazadi, Judge.  Affirmed.

Law Offices of Thomas A. Nitti and Thomas A. Nitti for Defendants, Cross-complainants and Appellants Fayez Fahmi Khalil and Afaf Rashid Maker.

Law Offices of Robert Gantman and Robert J. Gantman for Plaintiff, Cross-defendant and Respondent Jeannette G. Youssif.

Appellants Fayez Fahmi Khalil and Afaf Rashid Maker, individually and as trustees of the Saint Mary Living Trust (the Trust), appeal from an order compelling further responses to discovery requests and awarding sanctions in favor of respondent Jeannette Youssif (Wife) in this proceeding that encompasses dissolution of marriage, fraudulent transfer, breach of contract, and partition. We conclude the record is inadequate to review the trial court's exercise of discretion, but even if we were to find the record adequate for review, no abuse of discretion has been shown. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Wife married Farid Fahmy Youssif (Husband) in 1994. Khalil and Maker are Husband's brother and sister-in-law. In 2016, an entity controlled by Husband and Wife, and an entity controlled by Khalil and Maker purchased commercial property in Palmdale (the Palmdale property) together as tenants in common. Khalil and Maker purchased their interest through the Trust, and the Youssifs purchased their interest through Saint Teresa Group, LLC (the LLC), with each entity owning an undivided 50 percent interest.

On January 25, 2021, Wife filed a petition for dissolution. On April 1, 2022, a receiver was appointed for the LLC and another business entity (World Private Security, Inc., or WPS) owned by the Youssifs.

On September 19, 2022, Wife filed a complaint for joinder against Khalil and Maker, individually and as trustees of the Trust, and Husband, for fraudulent transfer, constructive trust,

2

partition, and fraud based on the following allegations. On May 21, 2022, a check was cashed for $40,000 that had been dated April 1, 2022, and signed by Husband, made out to Khalil and Maker individually, not in their capacities as trustees. Other check numbers in the same sequence had been cashed in 2018. Although Khalil and Maker had not previously collected the rent for the Palmdale property, they circulated notices to the tenants directing them to pay rent to their Trust. The receiver directed Husband to turn over any blank checks he had for LLC and WPS accounts, use his best efforts to return the $40,000 that he had given to his brother and sister-in-law, and instruct tenants to continue making rent payments as before, but Husband failed to respond. In Wife's complaint, she sought several remedies, including an order directing Khalil and Maker to return $40,000, to cease collecting rents, and for an accounting and partition of the property.

On October 12, 2022, Khalil and Maker filed a cross-complaint against Wife, Husband, the LLC, and the receiver for breach of contract, conversion, monies had and received, partition, and removal of the receiver based on the following allegations. Khalil and Maker purported not to have received any rent or income from the Palmdale property since 2016, except the check for $40,000, which they received from Husband on April 1, 2022, as a distribution toward the vast sums owed to them that had been held for their benefit since the date of purchase. Prior to the appointment of the receiver, property taxes had not been paid for more than five years and the property was in jeopardy of being sold for back taxes. Khalil and Maker took over management and control of the Palmdale property by issuing a notice to tenants to pay all rent to the Trust.

3

Substantial sums were missing from the ownership, management, and operation of the Palmdale property; Khalil and Maker were seeking an accounting for all sums received from tenants since 2016, all expenses incurred, and the net income for the operation.

On June 1, 2023, Khalil and Maker filed a motion for summary adjudication on the issue of partition. Ultimately, Wife, Khalil, and Maker stipulated to an order granting the motion for summary adjudication, agreeing to offer the Palmdale property for sale as soon as possible and follow the recommendations of Wife's property expert in good faith to improve the sale price.

On August 7, 2023, Wife filed a motion to compel further discovery responses from Khalil and Maker, as well as an award of monetary sanctions. Wife's discovery requests included document requests for: (1) a copy of the Trust, including all amendments; (2) all documents showing the assets held by the Trust from October 1, 2022, through the date of production; (3) all documents showing income earned by the Trust for 2020, 2021, and 2022, including tax returns; and (4) all bank account documents in the name of the trust, including account statements and canceled checks, from April 1, 2022, through the date of production. In addition, special interrogatories requested the date that the Trust was created, as well as the date of any amendments, and identification of all assets held by the Trust on October 1, 2022.

Wife noted Khalil and Maker had objected to the discovery requests based on their right of privacy, but Wife argued the requests were reasonably calculated to reveal admissible evidence. Wife also asserted that under California law, third

4

parties can be ordered to pay attorney fees and costs in the scope of a dissolution proceeding, so Khalil and Maker's ability to pay attorney fees and costs was relevant. On September 21, 2023, Wife filed a separate statement of facts in connection with the motion to compel further discovery responses.

Khalil and Maker opposed the motion to compel further responses based on their right to financial privacy, arguing that the mere possibility of an award of attorney fees to the moving party did not override their privacy rights.

Wife filed a reply. She argued the information sought concerning Khalil and Maker's ability to pay was relevant to an award of attorney fees under the Family Code. An accounting for the property would not eliminate the need for the information sought by Wife's pending discovery requests.

In a supplemental declaration, Khalil and Maker's attorney argued Wife had an adequate remedy and less intrusive means to obtain the information through an accounting for the Palmdale property, and noted that no order for attorney fees had been made.

A hearing was held on January 12, 2024, on the motion to compel further discovery responses, and the trial court took the matter under submission. No reporter's transcript of the hearing has been provided in the appellate record.

On January 16, 2024, the trial court issued a minute order granting the motion to compel further discovery responses. The court found the documents and information sought were relevant to the issue of attorney fees and costs, as well as the receipt of income from the property. Although Khalil and Maker asserted that an accounting for the Palmdale property would resolve Wife's need for their financial information, they failed to explain

5

how an accounting would resolve the issues.  The court awarded sanctions of $12,590 to Wife, finding Khalil and Maker had not shown they acted with substantial justification or that other circumstances made imposition of the sanctions unjust.  Khalil and Maker filed a timely notice of appeal from the order.

## DISCUSSION

## A.     Appellate Jurisdiction

Although neither party addressed the appealability of the January 16, 2024 minute order, we must independently review our jurisdiction before turning to the merits.  (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432.)  Code of Civil Procedure section 904.1, subdivision (a)(12) provides that an appeal may be taken from "an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)."  A nonappealable decision on a discovery matter can be reviewed in conjunction with an appealable order if it "necessarily affects the . . . order appealed from."  (Code Civ. Proc., § 906.)  It is therefore appropriate to consider the merits of a nonappealable substantive ruling on a discovery matter if that ruling is "inextricably intertwined" with an appealable order directing payment of monetary sanctions.  (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 276, overruled on other grounds in *Mileikowsky v. West Hills Hospital & Medical Center* (2009) 45 Cal.4th 1259, 1273.)

In this case, the trial court based its sanctions order on the finding that the discovery sought was relevant to attorney fees

6

and other issues in the case.  Our review of the sanctions order necessarily implicates whether the trial court properly concluded Khalil and Maker's private financial information was discoverable, justifying the imposition of monetary sanctions in conjunction with their opposition to the motion to compel discovery.

## B.     Standard of Review

"We review the trial court's grant or denial of a motion to compel discovery for an abuse of discretion.  [Citations]  The statutory scheme vests trial courts with ' "wide discretion" ' to allow or prohibit discovery.  [Citation.]" (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 540 (*Williams*).)  We also review an order imposing discovery sanctions under the abuse of discretion standard.  (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422 (*New Albertsons*).)

"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice.  [Citations.]  The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law." (*New Albertsons*, *supra*, 168 Cal.App.4th at p. 1422.)

"The trial court's findings of fact that underlie a discovery sanction are reviewed for substantial evidence.  [Citation.]  'In this regard, "the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which

7

will support the determination [of the trier of fact].' ' " (*Victor Valley Union High School Dist. v. Superior Court* (2023) 91 Cal.App.5th 1121, 1137.)

" 'Under the doctrine of "implied findings," when parties waive a statement of decision expressly or by not requesting one in a timely manner, appellate courts reviewing the appealed judgment must presume the trial court made all factual findings necessary to support the [order] for which there is substantial evidence.' " (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248.)  " 'In other words, the necessary findings of ultimate facts will be implied and the only issue on appeal is whether the implied findings are supported by substantial evidence.  [Citation.]' " (*Espinoza v. Shiomoto* (2017) 10 Cal.App.5th 85, 100.)

## C.    Inadequate Record

We conclude the record in this case is inadequate to demonstrate the trial court abused its discretion because there is no reporter's transcript or suitable substitute, such as a settled statement under California Rules of Court, rule 8.137, for the hearing on the motion to compel further discovery responses.

A judgment or order of the lower court is presumed to be correct; the appellant has the burden of overcoming this presumption by producing an adequate record affirmatively showing the trial court erred.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.)  Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral

proceedings in the form of one of the following:  [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

In a variety of cases, appellate courts have refused to address the merits of an appellant's contention on appeal when no reporter's transcript or suitable substitute has been provided for a relevant hearing, because we presume on appeal that the trial court's judgment or order is correct and the appellant must affirmatively show error.  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.)  " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.  "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.]" (*Ibid*.)  "A reporter's transcript may not be necessary if the appeal involves legal issues requiring de novo review.  [Citation.]  In many cases involving the substantial evidence or abuse of discretion standard of review, however, a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable."  (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.)

In this case, without a record of the trial court proceedings that took place on January 12, 2024, concerning the need for further responses to Wife's discovery requests, we cannot review the arguments, concessions, or information presented to the trial court.  We do not know what less intrusive accommodations were proposed or requested to protect Khalil and Maker's private financial information.  There is no basis to review the trial court's

9

exercise of its discretion. We presume the post-judgment order is correct unless the record affirmatively demonstrates otherwise, and therefore, no showing of an abuse of discretion has been made on appeal.

## D.    Order Compelling Discovery

Even were we to find the record adequate for review, however, we would find no abuse of discretion has been shown by compelling discovery responses that required Khalil and Maker to provide private financial information.

Generally speaking, a party's right to discovery is broad. (*Williams*, *supra*, 3 Cal.5th at p. 541.) "[A]ny party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc., § 2017.010; see *Davies v. Superior Court* (1984) 36 Cal.3d 291, 301 ["discovery is not limited to admissible evidence"].)

Information that is otherwise discoverable, however, may be protected by a constitutional or statutory privilege, such as the right to privacy. The California Supreme Court has established the following framework for evaluating a potential invasion of privacy: "The party asserting a privacy right must establish a legally protected privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a threatened intrusion that is serious. [Citation.] The party seeking information may raise in response whatever legitimate

10

and important countervailing interests disclosure serves, while the party seeking protection may identify feasible alternatives that serve the same interests or protective measures that would diminish the loss of privacy. A court must then balance these competing considerations. [Citation.]" (*Williams*, *supra*, 3 Cal.5th at p. 552.)

It is clear in this case that the trial court did not abuse its discretion by concluding Wife's need for discovery outweighed Khalil and Maker's right to privacy in the financial information being sought. Khalil and Maker filed a cross-complaint against Wife for breach of contract, conversion, and other claims, alleging that the Trust had not received any income from the Palmdale property since it was purchased, with the exception of one payment of $40,000 from Husband, made on the same day that a receiver was appointed for the property. The check for $40,000 was made out to Khalil and Maker individually, rather than in their capacities as trustees of the Trust. The information that Wife sought was necessary to prove or disprove the allegations of the cross-complaint. Bank account statements and other information related to the Trust was necessary to show whether the Trust in fact received income from the Palmdale property. The Trust provisions would reveal the beneficiaries, including whether Husband was a beneficiary, allowing Wife to investigate whether any of the beneficiaries received income from the Palmdale property outside of the Trust. In addition, Khalil and Maker took over management of the property for a period of time covered by the discovery requests. Khalil and Maker have not shown their right to privacy outweighed Wife's legitimate interest in obtaining disclosure of the requested financial

11

information to prove or disprove the allegations of their own cross-complaint.

Khalil and Maker assert that the trial court failed to make required findings, but the case law cited does not require explicit findings. As stated above, we presume the court followed the law and made the findings necessary to support the order that are supported by substantial evidence.

They also assert an accounting for the Palmdale property would provide the necessary information, but they have not explained how. The records for the property are incomplete, and Husband paid funds to Khalil and Maker as individuals at least once, rather than in their capacities as trustees. The Trust's documents will show funds received by the Trust and reported in the Trust's tax returns, which can be matched to an accounting for the Palmdale property showing funds paid to the Trust, to Khalil or Maker individually, or to any beneficiary of the Trust. Moreover, to the extent that the records for the property are incomplete, the requested financial documents are relevant to supply missing information.

## E.     Sanctions Awarded

Khalil and Maker contend that the trial court abused its discretion by awarding sanctions against them because they acted with substantial justification when they objected based on their right to financial privacy. Even were we to find the record adequate to review this contention, however, no abuse of the trial court's discretion has been shown.

The trial court must impose monetary sanctions against any party, person, or attorney who unsuccessfully makes or

opposes a motion to compel a further response to interrogatories or further response to a demand for documents, "unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Code Civ. Proc., § 2030.300, subd. (d), and § 2031.310, subd. (h).)

" 'Substantial justification' means ' . . . justification [that] is clearly reasonable because it is well grounded in both law and fact.' [Citation.]" (*Evilsizor v. Sweeney* (2014) 230 Cal.App.4th 1304, 1312.) " 'Courts have held that substantial justification exists to oppose a motion to compel where "novel questions" are presented in a case or where there is "conflicting legal authority on an unsettled issue.' " [Citation.]" (*Yelp Inc. v. Superior Court* (2017) 17 Cal.App.5th 1, 20.)

We find no abuse of discretion has been shown. Khalil and Maker put the Trust's finances at issue by alleging they never received any payment from their interest in the Palmdale property until the receiver was appointed. The discovery sought was clearly relevant, and no novel questions were presented. Their assertion of financial privacy rights was not a substantial justification for opposing the motion to compel in its entirety, considering the information was clearly necessary to prove or disprove the allegations of their own cross-complaint. No abuse of discretion has been shown.

# DISPOSITION

The January 16, 2024 order compelling discovery requests and awarding sanctions is affirmed.  Respondent Jeannette Youssif is awarded her costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


BAKER, J.