Opinion
HILTON, J.
Introduction
Defendant and real party in interest, Robert Ortega (Ortega), served a subpoena duces tecum on petitioner, the Office of the Inspector General (Inspector General), for the production of certain documents and reports prepared by the Inspector General. The Inspector General filed a motion to quash, which was denied by the trial court. However, the court did not order the records described in the subpoena to be turned over directly to Ortega. Instead, the court ordered the Inspector General to submit the records to the court for an in camera review to determine what, if any, information contained in the records should be disclosed to Ortega. Petitioner asserts that its records are protected against all discovery and seeks a writ of mandate directing the trial court to vacate its order and grant petitioner’s motion to quash. We conclude that the records in issue are confidential but not privileged, and therefore the petition should be denied.
Factual and Procedural Background
Ortega is being prosecuted for a violation of Penal Code section 149 (assault and battery by a public officer). The allegations against Ortega are that when he was a peace officer at the El Paso de Robles Youth Correctional Facility he assaulted a ward of the California Youth Authority. In preparation of his defense, Ortega caused a subpoena duces tecum to be served on the Inspector General. Among the items sought by Ortega was a report prepared by the Inspector General in a separate investigation unrelated to Ortega, but which addressed the truthfulness and honesty of a peace officer (Kenneth Slonski) who investigated the Ortega matter. Ortega asserts that the report contains substantial, material and credible evidence that Officer Slonski made intentional misrepresentations in the other case, and that the Inspector General’s report will undermine Officer Slonski’s credibility as an adverse investigative witness in the Ortega case.
*Supp. 4 The Inspector General brought a motion to quash the subpoena duces tecum. On March 11, 2002, the court denied the motion, and ordered the Inspector General “to present in camera Inspector General report number 00148 and any other relevant documents bearing on the issue of false statements in reports, false claims of probable cause, dishonesty, or coercive interviewing tactics toward witnesses or suspects in the scope and course of the peace officer duties of investigator Kenneth Slonski.” After the motion to quash was denied, the Inspector General filed a petition for a writ of mandate directing the trial court to vacate its order and grant petitioner’s motion to quash. (1) “A writ of mandate is the proper remedy to review discovery orders and procedures.” (Palay v. Superior Court (1993) 18 Cal.App.4th 919, 925 [22 Cal.Rptr.2d 839].) In support of the petition, the Inspector General argues that Penal Code section 6126 et seq. grants a statutory privilege allowing the Inspector General to refuse disclosure; furthermore, even in the absence of a privilege, discovery of the Inspector General’s records is against public policy.
Standard of Review
Appellate review of issues of statutory construction is de novo. (Redevelopment Agency v. County of Los Angeles (1999) 75 Cal.App.4th 68, 74 [89 Cal.Rptr.2d 10].) The appropriate standard of appellate review of a ruling granting a criminal defendant’s discovery motion is the abuse of discretion standard. (People v. Superior Court (Baez) (2000) 79 Cal.App.4th 1177, 1186 [94 Cal.Rptr.2d 706].)
Discussion
A. The Inspector General’s records are not protected by a statutory privilege.
A fundamental principle of the common law is that “ ‘ “the public . . . has a right to every man’s evidence.” ’ ” (Trammel v. United States (1980) 445 U.S. 40, 50 [100 S.Ct. 906, 912, 63 L.Ed.2d 186].) Under California law, if good cause has been shown for the production of a writing in a legal proceeding, no person has a right to refuse production of the writing in the absence of a statutory privilege permitting such refusal. “Except as otherwise provided by statute: [f] . . . []|] (b) No person has a privilege to refuse to disclose any matter or to refuse to produce any writing, object, or other thing.” (Evid. Code, § 911, subd. (b).)
The trial court’s order describes with specificity the information that is sought by Ortega, and Ortega stated good cause for its production. Therefore, the Inspector General bears the burden of establishing that its records are protected by a statutory privilege.
*Supp. 5 In support of its argument that its records and documents are privileged, the Inspector General cites Penal Code section 6126.3, which states: “The Inspector General shall not destroy any papers or memoranda used to support a completed audit within three years after a report is released. All books, papers, records, and correspondence of the office pertaining to its work are public records subject to Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code and shall be filed at any of the regularly maintained offices of the Inspector General, except that none of the following items, or papers of which these items are a part, shall be released to the public by the Inspector General or his or her employees and shall not be subject to discovery pursuant to any provision of Title 3 (commencing with Section 1981) of Part 4 of the Code of Civil Procedure in any manner: [|] (a) Personal papers and correspondence of any person receiving assistance from the Inspector General when that person requested in writing that his or her papers and correspondence be kept private and confidential. Those papers and correspondence shall become public records if the written request is withdrawn or upon the order of the Inspector General. [|] (b) Papers, correspondence, memoranda, or any information pertaining to any audit or investigation not completed. [*[[] (c) Papers, correspondence, or memoranda pertaining to any audit or investigation that has been completed, if the papers, correspondence, or memoranda are not used in support of any report resulting from the audit or investigation.” (Italics added.)
The Inspector General’s reliance on Penal Code section 6126.3 is misplaced because the wording of the statute does not create a privilege that would bar discovery in a criminal proceeding. To the contrary, it provides for the preservation of papers for three years after a report is completed, and declares that the papers are public records. There are only three exceptions, none of which has been shown to apply in this case. Even with respect to the three exceptions, only civil discovery is prohibited, not criminal discovery.
The Inspector General also argues that disclosure is prohibited by Penal Code sections 6126.4 and 6126.5, subdivision (d). But section 6126.4 applies only to the disclosure of information that is restricted by law from release to the public, and even then the restriction does not apply if disclosure is expressly permitted by law. Penal Code section 6126.5 subdivision (d) states that a record of an interview is “deemed confidential for use by the Inspector General and the Secretary of the Youth and Adult Correctional Agency only.” However, there is a distinction between information that is confidential and information that is privileged. (Davies v. Superior Court (1984) 36 Cal.3d 291, 298-299 [204 Cal.Rptr. 154, 682 P.2d 349].) Information that is confidential is protected against unrestricted public inspection, but limited disclosure is not the equivalent of a privilege against any *Supp. 6 disclosure. For example, records that are made confidential by a state statute will nevertheless be subject to discovery if disclosure is necessary to afford a defendant a fair trial. (Pennsylvania v. Ritchie (1987) 480 U.S. 39, 57 [107 S.Ct. 989, 1001, 94 L.Ed.2d 40].)
Penal Code section 6128, subdivision (a), which is also cited by the Inspector General, states that the identity of a person giving information to the Inspector General, and the information given, are confidential, but may be disclosed to certain persons specified in the statute or “a law enforcement agency in the furtherance of [its] duties.” Although the statute places limitations on public disclosure, it does not create an evidentiary privilege against all disclosure.
B. Evidence Code section 1040.
Evidence Code section 1040, which pertains to the disclosure of “official information,” distinguishes between information that is protected by a statutory privilege, and information that is confidential but not privileged. It defines “ ‘official information’ ” as “information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made.” Evidence Code section 1040, subdivision (b), states that a public entity may refuse to disclose official information when: “(1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or [|](2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; . . .” Although inspection of the Inspector General’s records is restricted by statute, it is not forbidden; i.e., a statutory privilege against all disclosure has not been created. Therefore, the question is whether disclosure is against the public interest. The court is charged with the duty of making that determination, and in doing so must weigh the Inspector General’s need for confidentiality against Ortega’s right to a fair trial.
C. Disclosure and the public interest.
The Inspector General argues that even if an absolute privilege does not exist, discovery of its records is against the public interest. The Inspector General asserts that if the identity of informants and the information gathered from them is not totally protected from disclosure, potential informants will be reluctant to speak, and if they do speak, they may be reluctant to give full, complete, and accurate information. The Inspector General also notes that its office has been granted extraordinarily broad investigative powers under Penal Code section 6126.5; therefore, discovery of Inspector General *Supp. 7 records might allow a person to get indirectly (i.e., from the Inspector General) confidential information that would be protected from discovery if it were sought directly from the source of information.
A statute that makes information confidential expresses a strong public policy against disclosure, but it is still necessary to weigh the need for confidentiality against a particular party’s interest in obtaining the information. (Evid. Code, § 1040, subd. (b).) The trial court found Ortega had shown good cause for the production of information that could impeach the credibility of the investigative officer. Under the due process clause of the Fourteenth Amendment, the government has an obligation to turn over evidence in its possession that is sought in a discovery request by a defendant in a criminal prosecution if the evidence is both favorable to the defendant and material to guilt or punishment. (Pennsylvania v. Ritchie, supra, 480 U.S. at p. 57 [107 S.Ct. at p. 1001].) The weighing of the competing interests of the Inspector General and Ortega should be done by the court because the defendant’s right to discover exculpatory evidence does not include a right to search through government records without supervision. (Pennsylvania v. Ritchie, supra, at p. 59 [107 S.Ct. at p. 1002].)
Both Ortega’s right to a fair trial and the Inspector General’s interest in maintaining appropriate confidentiality of its records can be protected by the procedure outlined in the trial court’s order; namely, the submission of Inspector General report No. 00148 and other specified records to the trial court for an in camera review. The trial court can then determine what information, if any, must be disclosed to Ortega to preserve his right to a fair trial. The Supreme Court in Pennsylvania v. Ritchie, supra, 480 U.S. 39, approved of this method of protecting the interests of both the defendant and the government when a subpoena for confidential records is served by the defendant on a government agency.
Disposition
The trial court did not abuse its discretion when it ordered an in camera review of specified records of the Inspector General. The Inspector General’s petition for a writ of mandate is denied.
Burke, P. J., and Money, J., concurred.
*0 I.